McCURDY et al. v. MORGAN et al.

No. 12433.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 15, 1952.

Black & Stayton, L. Alvis Vandygriff, Austin, for appellants.

Kleberg, Mobley, Lockett & Weil, Corpus Christi, Graves, Dougherty & Greenhill, Austin, David M. Coover, Corpus Christi, William B. Moss, Sinton, for appellees.

NORVELL, Justice.

This is a plea of privilege case. Appellee A. O. Morgan sought relief against appellants, E. J. McCurdy, Jr., Trusty, and Alvis Vandygriff, by way of declaratory judgment. Uniform Declaratory Judgments Act, Acts 1943, 48th Leg., p. 265, ch. 164, Article 2524–1, Vernon's Ann.Tex.Stats. Venue was sustained in San Patricio County, where the suit was filed, under and by virtue of exception 14 of Article 1995, Vernon's Ann.Tex.Stats., which provides that:

"Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

It is undisputed that the "land" lies in San Patricio County. The remaining venue fact is the "nature" of appellee's suit as determined by the allegations of the petition.

The appellee Morgan alleged that "Bascom Giles, Commissioner of the General Land Office, Price Daniel, Attorney General of Texas, and Allan Shivers, Governor of Texas, acting as the School Land Board, advertised for bids for leasing for production of oil and gas a certain portion of the bed of Chiltipin Creek in San Patricio County, Texas, being a portion of the creek designated in such advertisements as Tract Five;" that on December 13, 1951, said Board awarded the lease on said Tract Five to Alvis Vandygriff, who thereafter assigned same to E. J. McCurdy, Jr., Trustee.

A copy of the lease was attached to the petition. The following description of the property is contained therein: "Tract 5, Chiltipin Creek, containing approximately 20 acres in San Patricio County, as shown by sketch attached hereto." Said sketch is drawn on a scale of one inch to 4000 feet. The course of Chiltipin Creek is designated by a drawn line, and the part apparently covered by the lease is indicated by brackets drawn at approximate right angles to the course of the creek and about 2½ inches (10,000 feet) apart. This description, with its reference to the map, does not clearly define the boundaries of the tract sought to be covered by the lease.

Morgan alleged that "he owns the Lessee's working interest in the minerals in and under various tracts of land adjoining, or near and in the area of, that portion of Chiltipin Creek Lease, (and) * * * the Lessee's working interest in the minerals in and under various tracts of land which include within their boundaries portions of the bed of Chiltipin Creek, which portions of the bed of Chiltipin Creek (to an extent the exact amount of which is unknown to Plaintiff) was also included in and purported to be covered by the Chiltipin Creek Lease." The petition then lists some 14 leases held by Morgan and alleged that Morgan "is vitally interested in the settlement by a declaratory judgment of the controversy arising over the interests that are being asserted under the Chiltipin Lease in conflict with Plaintiff's interests as herein alleged." The petition then alleged that said Tract Five was within the boundaries of a valid Mexican Grant made to John Pollan by the State of Coahuilla and Texas in 1834, and for that reason the attempt of the School Land Board to execute a lease covering the same was ineffective and void. The prayer was for a declaratory judgment declaring invalid the act of the School Land Board in executing the lease.

In subsequent counts, additional reasons for declaring the attempted lease of Tract Five void were put forward, but it is unnecessary to examine these various claims in detail. Other landowners within the area intervened in the suit and either adopted or closely supported the position taken

by Morgan. They are also parties appellee before this Court.

It may be stated briefly but accurately, that the petition alleges the School Land Board has executed an oil and gas lease which covers and affects leasehold property interests held by Morgan, and that such lease is invalid for various reasons.

█ It has been held that a suit to cancel an oil and gas lease which is antagonistic to claim in the land held by the plaintiff comes within exception 14 of Article 1995. Texas Company v. Tankersley, Tex.Civ.App., 229 S.W. 672. Such a suit has been described as one to quiet title, Thomason v. Ham, Tex.Civ.App., 210 S.W. 561. Likewise, a suit to declare an oil payment assignment fully satisfied has been held to be a suit to remove cloud from title and hence a proceeding comprehended by the provisions of exception 14, Article 1995. Campbell v. Burford Oil Co., Tex.Civ.App., 201 S.W.2d 100.

█ It seems that the facts set forth in Morgan's petition would afford a basis for relief in equity by suit to quiet title or remove cloud from title. Galindo v. Garcia, Tex.Civ.App., 222 S.W.2d 477. The remaining question is whether or not said appellee by electing to pursue a statutory remedy rather than an equitable one is precluded from relying upon exception 14 of Article 1995, insofar as venue is concerned.

Appellants urge that a proceeding under the Uniform Declaratory Judgments Act is neither a legal nor an equitable proceeding, but is sui generis, Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 172 A.L.R. 837; that in our venue laws there is no exception relating to actions for declaratory judgment, and that therefore such actions come within the general rule and as against a plea of privilege can be maintained only in the county of the defendant's residence.

█ While recognizing the advantage of having a clear and certain venue rule, we do not believe that the mere category of action, i. e., whether statutory or equitable, should be given controlling effect. The purpose of the Uniform Declaratory Judgments Act is to provide a more efficacious

and effective remedy for the determination of certain types or kinds of controversies. The adoption of this statutory remedy when appropriate should not preclude one from relying upon a venue exception when the nature and dominant purpose of the suit, as shown by the petition, brings the suit fairly within the exception. Every argument for trying an equitable suit (i. e., to quiet title or to remove cloud) in the county where the land lies applies with equal force to an action for a declaratory judgment which would have the effect of removing a cloud from title.

We need not and do not here pass upon the sufficiency of the pleading to support the ultimate relief prayed for. We do hold that the nature and dominant purpose of the suit is to remove cloud from title; that the case is controlled by exception 14 of Article 1995, and that the trial court was correct in overruling the plea of privilege.

The order appealed from is affirmed.