M. S. GARRISON, Appellant,

v.

Verna Mae MORROW et vir, Appellees.

No. 6099.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 28, 1957.

Rehearing Denied March 20, 1957.

Collins, Garrison, Renfrow & Zeleskey, Lufkin, for appellant.

R. C. Musslewhite, Lufkin, for appellees.

ANDERSON, Justice.

The appeal is from an order or judgment of the district court of Nacogdoches County sustaining the defendants' joint plea of privilege and ordering the case transferred to the district court of Dallas County.

Appellant, M. S. Garrison, brought suit against appellees, Verna Mae Morrow and her husband, L. H. Morrow, under the Declaratory Judgments Act, Article 2524–1, Vernon's Annotated Civil Statutes. He seeks to have a lease construed and declared to be still in .effect on real property which is situated in Nacogdoches County and which is owned by appellee Verna Mae Morrow as a part of her separate estate. The defendants seasonably filed their plea of privilege, and it is undisputed that they reside in Dallas' County. Plaintiff filed his controverting plea in due time and then, more than a 'year later, amended it. In the amended plea it was represented that venue lies in Nacogdoches County under both Subdivision 5 and Subdivision 14 of Article 1995, V.A.C.S., whereas in the original it was only represented that Subdivision 5 supports the venue. In both pleas plaintiff represented that he is suing on a. written contract that is. performabie in Nacogdoches County. In the amended plea he additionally alleged that the suit is "for recovery of lands or damages thereto, and to remove encumbrances upon the title to land and to quiet title to land, and to prevent or stay waste on lands." The fact allegations of the two pleas were the same, however, having been supplied in each by inclusion of plaintiff's original petition.

■■ The fact that Subdivision 14 of Article 1995 was not mentioned in the original controverting plea, which was the only one filed within ten days after the date on which a copy of the plea of privilege was served on the plaintiff, does not preclude us, as appellees would have it do, from applying such subdivision of the statute if it is otherwise applicable under the pleadings and evidence. The facts that are pleaded in the controverting plea and proved, and not the legal conclusions pleaded, control. See Halbert v. Sylestine, Tex. Civ.App., 292 S.W.2d 135, and authorities therein cited.

■ Appellant entered into possession of the disputed premises under a written lease dated July 15, 1945, and has been in possession ever since. Subject to its other provisions, the lease was to remain in effect for a term of ten years. The primary ten-year term having expired, and the parties having disagreed about the construction to be given a provision of the lease which appellant claimed gave him the option of continuing the lease in effect for an additional term of ten years, appellant was requested to vacate the premises by August 1, 1955. He filed this suit July 28, 1955. In both his original petition and his controverting plea, he sufficiently pleaded the lease contract, including the provision which he claims gave him the option to extend the lease for an additional term, and pleaded the steps taken by him to exercise the asserted option and continue the lease in effect. He prayed that the court "declare and determine that said original lease granted to the lessee a valid option to renew said lease for an additional term of 10 years beginning on July 15,

1955, under the same terms and provisions as the original lease and determine that the plaintiff has in all things legally exercised such option to renew and that said lease is now in full force and effect for an additional 10 years following the expiration of the original lease under the same terms and provisions as said original lease, and for such other and further relief to which the plaintiff may be entitled." At the hearing, appellant introduced evidence in support of the various allegations of his pleadings. There was no dispute about the facts.

If there were a chance that Subdivision 5 of Article 1995 might be applicable, we should perhaps need to state the facts more fully, but we are of the opinion that the suit is not, within contemplation of the statute, one "upon or by reason of" an obligation anyone has contracted in writing to perform in Nacogdoches County. We cannot concede that appellant is suing upon or by reason of an implied covenant for his quiet enjoyment of the premises involved.

Appellant is, however, suing to establish and, in effect, to quiet the title he asserts to a leasehold estate in land situated in Nacogdoches County, and we have concluded that the suit is such a one as is contemplated by Subdivision 14 of the aforesaid statute, which is as follows:

"Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

█ The ultimate or dominant purpose of the suit is to have it adjudged that the lease contract is still in effect and that appellant is entitled to continue in undisturbed possession of the disputed premises for a term of ten years from July 15, 1955, provided he complies with the terms of the lease as it exists. Therefore, and since a lease for a term of years is "a grant of an estate in land for a limited term, with conditions attached," Holcombe v. Lorino, 124 Tex. 446, 79 S.W.2d 307, 310, the suit is essentially one for the recovery of land, the concomitant element of quieting title being also involved.

Because appellant primarily and affirmatively seeks to have the lease contract construed, and since the construction that is given the lease when the case is heard on its merits will likely be determinative of the rights of the parties, it is easy to mistakenly assume that having the lease construed is the end result sought. But appellant does not seek merely an abstract construction of the lease. Instead, he seeks the tangible benefits to be derived from having the lease construed as he contends it should be. In other words, he seeks, as aforesaid, to establish title to a leasehold estate in land and to gain or retain possession of the premises described in the lease. Construing the lease will be but an incident in determining whether this relief is to be granted or withheld, even though the construction that is given it may be conclusive of the question.

█ In cases brought under the Uniform Declaratory Judgments Act, as this one was, it is the "nature and dominant purpose of the suit, as shown by the petition," that controls venue. McCurdy v. Morgan, Tex.Civ.App., 252 S.W.2d 264, 266. And, as already stated, this is essentially a suit " 'for the recovery of land' " and, in effect, one " 'to quiet title to the land.' " We have no doubt, therefore, of the applicability of Subdivision 14 of Article 1995, Vernon's Annotated Civil Statutes. To hold otherwise would be to penalize appellant for the form of action resorted to. He could have resorted to the action of trespass to try title in quest of the same relief he seeks under the Declaratory Judgments Act. Stokes v. Riley, 29 Tex.Civ. App. 373, 68 S.W. 703, 705; 41–A Tex.Jur., Trespass to Try Title, sec. 19, p. 532. Had he done so, we think it improbable that appellees would even have filed their plea of privilege.

Appellees argue that appellant is suing for specific performance of a contract, but such is not the case. He is suing for what he contends is a vested estate in land. He is not endeavoring to make appellees execute and deliver to him a new lease. On the contrary, it is his position that the original lease is still in effect for an additional term of years, rendered so by his exercise of what he contends is an option the lease granted him. Irrespective of whether the lease did in fact grant him such an option, we must be governed by the nature of the cause of action he is asserting.

The judgment of the trial court is reversed and judgment is here rendered that the plea of privilege filed by the defendants in the trial court be, and the same is hereby, overruled.