**TYLER BANK AND TRUST CO., Appellant,**

v.

**ATHENS COMMISSION CO., Appellee.**

No. 15280.

Court of Civil Appeals of Texas. Dallas.

March 29, 1957.

Robert S. Boulter, Reeves & Reeves and Pollard & Pollard, Tyler, for appellant.

Justice, Justice & Kugle, Athens, for appellee.

YOUNG, Justice.

This is a venue case; to the action filed against it in Henderson County, appellant interposing plea of privilege to be sued in Smith County, the place of its corporate residence. The plea was duly controverted and, upon hearing, overruled with the result of this appeal.

The suit was brought by Athens Commission Company, a partnership, against Shaw Packing Company, Inc., and Tyler State Bank & Trust Company (now Tyler Bank and Trust Co.), both private corporations domiciled at Tyler, Smith County. Plaintiff's petition alleged two counts: (1) That defendant Trust Company fraudulently induced plaintiff to accept a draft in amount of $2,036.75 in payment for certain hogs which were delivered to Shaw Packing Company; and (2) that the Trust Company had held the said draft more than 24 hours after its acceptance and hence became liable under Art. 342–704, State Banking Code. There was timely appearance

and answer by the Bank and Trust Company only.

Plaintiff in controverting affidavit relied on Exception 7 (a fraud committed in Henderson County) and Exception 23 (that part of the cause of action against a private corporation arose in Henderson County) of art. 1995, Vernon's Ann.Civ.St., for maintenance of venue; on the trial, however, offering no evidence in support of Exception 7. Basis of the court's ruling is reflected in its findings of fact and conclusions of law, made and filed at request of defendant, and here quoted:

"Finding(s) of Fact: (1) On October 12, 1951, plaintiff in the course of its business, received a check bearing date of October 12, 1951, in the amount of Two Thousand Thirty-Six ($2,036.75) and 75/100 Dollars. Such check was payable to Athens Commission Company, and was signed by Shaw Packing Company, Inc., by J. H. Shaw. (2) Such check was given by defendant Shaw Packing Company, Inc., to plaintiff in payment of hogs sold by plaintiff to defendant in Athens, Henderson County, Texas, and delivered by plaintiff to defendant in Athens, Henderson County, Texas. (3) On October 13, 1951, plaintiff deposited said check in the Farmers & Merchants State Bank in Athens, Henderson County, Texas. The said check was deposited to the account of plaintiff. (4) On October 13, 1951, the Farmers & Merchants State Bank of Athens, Texas, forwarded said check directly to Tyler State Bank & Trust Company, in Tyler, Smith County, Texas. (5) Such check was received by the Tyler State Bank & Trust Company in Tyler, Texas, on October 15, 1951. (6) Such check was returned to the Farmers & Merchants State Bank of Athens by defendant Tyler State Bank & Trust Company. Said check was received in the mail by Farmers & Merchants State Bank of Athens, Henderson County, Texas, on October 22, 1951. (7) Such check was not honored by defendant, Tyler State Bank & Trust Company, but was returned not paid. (8) Such check was not deposited in the

mail addressed to the Farmers & Merchants State Bank of Athens, Texas, or any other person, by the defendant, Tyler State Bank & Trust Company, within twenty-four hours after presentment to defendant Tyler State Bank & Trust Company. (9) Defendant Tyler State Bank & Trust Company is a corporation.

"Conclusions of Law: (1) The foregoing Findings of Fact constitute a cause of action against defendants under the provisions of Article 342–704, Revised Civil Statutes of Texas. (2) Part of such cause of action arose in Henderson County, Texas. (3) Venue lies in Henderson County, Texas, under the provisions of Section 23, of Article 1995, Revised Civil Statutes of Texas."

Said check or draft for $2,036.75 was drawn on Tyler State Bank & Trust Company, in which connection plaintiff made the following allegation: "The check given by J. S. (H.) Shaw to plaintiff passed through the usual banking channels and was presented to the Tyler State Bank & Trust Company for payment. Said bank held said check in its possession for four days, before returning it to plaintiff with the notation 'insufficient funds' marked thereon."

■■■ It is the general rule in Texas that a defendant is entitled to be sued in his own county and that application of the Exceptions set forth in art. 1995, Venue, must clearly appear; Goodrich v. Superior Oil Co., 150 Tex. 159, 237 S.W.2d 969; also that to sustain venue in a given case it is the plaintiff's burden to allege and prove the venue facts appropriate to the character of suit alleged. Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69. Exception 23 provides in part: "Suits against a private corporation * * * may be brought in the county in which its principal office is situated; or in the county in which the cause of action or a part thereof arose * * *."

■■■ This Exception has been accorded a uniform construction and "means that either some part of the transaction creating the primary right, or some part of the transaction relating to the breach of that right, must have occurred in the county where the suit is brought." Stone Fort Nat. Bank of Nacogdoches v. Forbes, 126 Tex. 568, 91 S.W.2d 674, 676.

Under the pleading of plaintiff Commission Company and the trial court's conclusions of law, its asserted action is based on failure to comply with the cited Banking Code which provides:

"Except where otherwise provided in this Code, or by express agreement of the parties, items presented to a drawee bank shall be received by it, subject to final adjustments and all clearing house settlements, checks, drafts, credits, advances of money, charges or entries to accounts, (including sight posting), shall be conditional and subject to revocation during the day on which the item is presented (or in case of a time item, the due date), or within twenty-four (24) hours after presentment, exclusive of Sundays and holidays, if it is finally determined that the drawee bank was not at the time of presentment (or in case of a time item, the due date) authorized or obligated to pay the item, and if the drawee bank shall within that time refuse payment and return the item, or undertake to give notice in the manner hereinafter prescribed: (1) If the item is presented across the counter for payment in cash or for deposit in the drawee bank, the drawee bank shall exercise reasonable diligence within the time above prescribed to give notice, by mail or otherwise, to the bank or person presenting the item that it has refused payment and that it holds the item subject to its or his order. (2) If the item is presented through a clearing house, the drawee bank shall, within the time prescribed, return the item to the clearing house presenting it. (3) *If the item is presented by mail, the drawee bank shall within the time above prescribed de-*

*posit the item in the mail properly stamped and addressed to the bank or person presenting the same.* The actual receipt of the notice provided under Section 1 above by the bank or person presenting the item, or the actual receipt of the returned item by the person, bank or clearing house, as provided in Sections 2 and 3 above, shall constitute dishonor within the purview of Article 5938 of the Revised Civil Statutes of Texas. *If the drawee bank in refusing payment of any item fails to comply with the provisions of this article within the time above prescribed it shall, at the election of the owner of the item, be deemed to have accepted the item, and shall be liable for the amount thereof.* If an item is presented by a bank as agent or subagent of owner, such bank may, in the absence of definite instructions from the owner, exercise the election herein provided for." (Emphasis ours.)

 In the case at bar, any liability under above Article (342–704) requires pleading and proof of the following elements: (1) Presentation by the Athens Bank on behalf of appellee to appellant drawee Bank of an "item" consisting of a check, draft, or other negotiable instrument providing for the payment of money; (2) that such item was presented by mail and was *not paid by appellant;* and (3) that appellant did not within twenty-four hours after presentment of the draft or item deposit same in the mail, properly stamped and addressed to the Bank presenting same.

Appellant had no relationship to the transaction in question until the item was presented to it in Smith County, where appellee's primary right arose of requiring that same be paid or else returned by deposit in the mail at Tyler in an envelope addressed to the Athens Bank. This primary right could not arise anywhere except in Smith County, for the check was payable there; the breach of this right arising because appellant failed to pay the same or make deposit thereof in mail addressed to appellee's forwarding Bank or

agent within the prescribed twenty-four hours. As appellant properly observes, "This alleged violation clearly did not occur in Henderson County and it could not occur, if it happened at all, at any place other than the banking house of appellant in Smith County. It must then follow that no part of the transaction in question arose in Henderson County, or at any place outside of Smith County."

The Stone Fort Bank-Forbess case, supra, presents a fact situation sufficiently analogous; our Supreme Court holding in part: "Under the record before us, if appellee has any right of action against appellant within the meaning of the part of exception 23, supra, under consideration, it consists of two elements, both of which arose entirely in Nacogdoches county, viz.: His primary right which arose out of the transaction by which he became an ordinary or general depositor in appellant bank, and appellant's violation of that primary right by its refusal to pay the checks drawn against that deposit. Both the transaction creating the primary right and the transaction constituting the violation of that right occurred wholly in Nacogdoches county. It follows that within the meaning of that part of exception 23, supra, under consideration, no part of appellee's cause of action arose in Randall county, or anywhere outside of Nacogdoches county." See also Citizens' Nat. Bank of Abilene v. Overstreet, Tex.Civ.App., 46 S.W.2d 409 (writ ref.).

Appellee cites two cases in support of the trial court's ruling which, in our opinion, may be easily distinguished. In Mercantile Bank & Trust Company v. Schuhart, Tex.Com.App., 115 Tex. 114, 277 S. W. 621, the suit arose prior to enactment of art. 342–704, plaintiff there relying on common law liability of the Dallas Bank in holding the check an unreasonable length of time. Schuhart had deposited his check in the Bank at Dalhart, Dallam County, such Bank forwarding same to the Dallas County Bank upon which it was drawn. On its receipt the latter Bank kept the

item twenty-one days before returning it unpaid, Schuhart sustaining injury by reason of the delay. Our Commission of Appeals there held that the obligation of the Dallas Bank was to transmit the draft *into* Dallam County to plaintiff or his agent, or to make *like transmission and delivery of notice* of delay in presenting the draft, and its cause; the place of performance in either event being in Dallam County. In the instant case, appellant's duty was to do no more than to deposit the check or draft in the mail, properly stamped and addressed to the Athens Bank. The statute places no duty on appellant to deliver the item *into* Henderson County—merely that same be deposited in the mail in *Smith* County.

Likewise distinguishable is appellee's case of Traders Oil Mill Co. v. Arnold Bros. Gin Co., Tex.Civ.App., 225 S.W.2d 1011. There the plaintiff in Crockett, Houston County, sold through a telephone call to defendant in Tarrant County, a quantity of cotton seed. Upon a later suit in Houston County for contract price of the seed, defendant's plea of privilege to be sued in Tarrant County was overruled, defendant pleading the provisions of Exception 23 in controverting affidavit. The Galveston Court stated that in as much as the offer to sell cotton seed was accepted in Tarrant County, the contract between the parties must be held to have been made there; further holding, however, that a part of plaintiff's cause of action consisted of pleading and proof of delivery of cotton seed to common carriers in Houston County; and since some of the facts necessary to sustain liability occurred in Houston County, that venue was sustainable there.

■ It is our conclusion that the trial court erred in overruling appellant's plea of privilege, since no part of the action asserted against it under art. 342–704, Revised Statutes, arose in Henderson County. Accordingly such judgment must be reversed and remanded to the trial court with directions that the cause be transferred to the District Court of Smith County for trial.