**CARLON PRODUCTS CORPORATION, Appellant,**

v.

**Donald SCHWAB et al., Appellees.**

**No. 6747.**

Court of Civil Appeals of Texas.

Amarillo.

Feb. 17, 1958.

Rehearing Denied March 24, 1958.

McWhorter, Cobb & Johnson, Lubbock, for appellant.

Kiser & Tabor, Levelland, for appellees.

NORTHCUTT, Justice.

The sole question here involved is whether the trial court erred in overruling appellant's plea of privilege and does not in any way involve the appellees' cause of action. For a statement of the matters here to be considered, we adopt the appellant's statement of the nature of the case with the exception that we quote the entire contract to be considered instead of the one paragraph which is as follows:

"This is an appeal by the Defendant, Carlon Products Corporation, from the overruling by the trial court of its plea of privilege.

"That on or about the 25th day of April, 1956, the Appellees purchased a plastic pipe gas line from Plains Plastic Corporation of Lubbock, Texas, to be installed on lands owned by Plaintiffs in Hockley and Lubbock County, Texas. These gas lines were to furnish natural gas to Plaintiff's irrigation wells. The plastic pipe used in said gas lines were manufactured by Appellant and Appellant furnished a guarantee against defective material. That after the pipe was installed the line failed to maintain sufficient gas pressure to comply with the terms of Appellees contract with Plains Plastic Corporation. Before final payment was made by Appellees to Plains Plastic Corporation, appellants agent, William F. Rippitoe executed the agreement concerning this gas line which is as follows:

"This is to certify that Carlon Products Corporation agrees to the following conditions with respect to the K. R. S. Gas Line in Levelland, Texas, Hockley County:

"I. That the entire K. R. S. Gas Line will be retested after the 1956 crop season and before January 1, 1957, and that any portion of the line found to be defective will be replaced at the sole expense of Carlon Products Corporation.

"II. That the initial gas leakage expense will be the responsibility of Carlon Products Corporation.

"III. That this agreement in no way limits or reduces the maintenance guarantee from the Contractor or Distributor or the Standard Pipe Guarantee from Carlon Products Corporation. It is understood that the director of the K. R. S. gas line are relying on the above, statements and that this is a consideration for making full and final payment to Plains Plastic Corporation.

"Carlon Products Corporation
"By: /s/ William F. Rippletoe
"William F. Rippletoe
"District Manager

"The faulty gas line was originally replaced by Plains Plastic Corporation and Appellants insurance carrier, Aetna Casualty, an insurance company, paid the gas leakage on said line from the time it was placed in service through September 4, 1956, at which time further payment was refused.

"Appellees brought suit upon the above quoted provision of said agreement for payment of gas losses to said line in Hockley County, Texas, alleging that said District

Court of Hockley County, Texas, had venue and jurisdiction over their suit for the reason that Defendant executed a contract in writing to perform an obligation in Hockley County, Texas."

■ In determining whether the district court of Hockley County had venue of this cause of action by virtue of the terms of the above mentioned contract we must consider the contract as a whole and then see if it comes within the provisions of Subd. 5 of Article 1995, which is as follows:

"Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

We have not been cited to a case,. and neither have we found one, that we think the facts of the case cited, or found by us, are determinative of the question here involved. In the case of Petroleum Producers Co. v. Steffens, 139 Tex. 257, 162 S.W.2d 698, 699, by the Commission of Appeals, opinion adopted by the Supreme Court, it is stated:

"It is quite clear from the language used in this subdivision that, aside from the fact that the pleadings in the suit disclose that the suit is "upon or by reason of" an obligation of some sort—either written or unwritten, express or implied—there is but a single fact which need be shown in order to cast venue in the county where the suit is brought. This single fact is to the effect that the defendant has contracted in writing to perform the alleged obligation in said county—the county or some definite place therein being expressly named in the writing. Proof of the existence of a cause of action is not required now, and was not required before the subdivision was amended in 1935. Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S. W.2d 675; Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810."

The rule seems to be well settled in this state that if venue is to be sustained by virtue of this Article, in a county other than the defendant's residence, there must be a written contract performable in the county where venue is sought to be established. It seems also to be settled that if some obligation not involved in the suit may be performable under the contract in the county where the suit is brought it will not suffice to sustain venue under this provision of the statute.

■ The provisions of the contract here in question provides that it is to certify that appellant agrees with respect to appellees' gas line in Levelland Texas, Hockley County, will be retested and any portion of the line found to be defective will be replaced at the sole expense of appellant; that the initial gas leakage expense will be the responsibility of appellant, and then provides appellees are relying on these promises and that this is a consideration for making full and final payment for the pipe. When the caption of this contract states "with respect to the K. R. S. gas line, Levelland, Texas, Hockley County" it applies to each of the three separate paragraphs of the contract alike, and we think the only reasonable construction that could be placed upon that language would be that appellant agreed to retest and replace any defective pipe in Hockley County and appellant would be responsible for the leakage in Hockley County and if responsible for that leakage in Hockley County, venue would lie in that county.

Judgment of the trial court is affirmed.