**DIXON MANAGEMENT CORPORATION,**
Appellant,

v.

**M. H. MONTFORT et al., Appellees.**

No. 3522.

Court of Civil Appeals of Texas.

Eastland.

April 29, 1960.

Rehearing Denied June 17, 1960.

C. J. Eden, Breckenridge, Hutcheson, Taliaferro & Hutcheson, Houston, for appellant.

Rodgers & Stephens, Graham, for appellee.

GRISSOM, Chief Justice.

M. H. Montfort et al., who reside in Young County, sued Dixon Management

Corporation, a resident of Harris County, in Stephens County to have construed the provisions of a written contract and a written supplement thereto relative to the right to operate an oil lease in Stephens County. The original contract provided that plaintiffs and defendants owned an oil lease in Stephens County and desired that it should be developed and operated in conformity with the terms of said lease and "this instrument"; that the "operator" should manage the lease and properties and have sole custody thereof and the exclusive management and control of all operations thereon. The supplemental written operating agreement recited that it covered the described lease in Stephens County; that Dixon Management Corporation should operate the lease under the terms of said agreements and produce and sell oil from said lease on land in Stephens County. But, it provided that if Montfort et al. should thereafter believe they could operate the lease more economically than Dixon that, by giving thirty days written notice thereof, Montfort et al. could take over the operation of the lease under said agreements. The written agreements provided they should continue in force so long as any of said lease was owned jointly by the parties thereto, or their heirs, successors or assigns. It was stipulated on the trial that Dixon Management Corporation was operating the lease under said agreements. Plaintiffs alleged and proved that they had given such notice and desired to take over operation of the lease, but that Dixon had refused to surrender the lease and its operation. Wherefore, plaintiffs sought an adjudication of their right under said contracts to take over and operate the lease.

Dixon Management Corporation filed its plea of privilege to be sued in Harris County. It was controverted by Montford et al. by allegation to the mentioned provisions of said contracts and breach thereof by defendants. Plaintiffs alleged that said written contracts provided for performance of the alleged obligations in Stephens County, where the land covered by the lease was situated, and that they were entitled to maintain the suit under exceptions 5, 14, and 23 to Article 1995. The court overruled Dixon Management Corporation's plea of privilege and it has appealed.

So far as the application of exception 5 is concerned, we think this case cannot be distinguished from Petroleum Producers Company v. Steffens, 139 Tex. 257, 162 S.W. 2d 698. The written contracts sued on show that appellants contracted in writing to perform the obligation asserted by plaintiffs in Stephens County. Stephens County was expressly named in said written contract. The place for performance of the expressed obligation sued on is expressly named in the lease and in the written contracts relative to control and operation of the lease and the place so expressly named is Stephens County. The suit is, therefore, maintainable in Stephens County under exception 5. It is, therefore, immaterial whether the suit might be maintained there under other exceptions. See also Carlon Products Corp. v. Schwab, Tex.Civ.App., 310 S.W. 2d 767; Gifford-Hill & Co. v. Hearne Sand & Gravel Co., Tex.Civ.App., 183 S.W.2d 766 and Duncan v. White, Tex.Civ.App., 319 S.W.2d 346. We hold that the court did not err in overruling appellant's plea of privilege. The judgment is affirmed.

### On Motion for Rehearing.

Appellant has filed a forceful motion for rehearing. It contends this case should be distinguished from the Steffens case because that suit was for breach of an implied obligation to drill a well on land described in the lease and that the only county in which the drilling could be done was where the leased land was situated, but, that, in this case, the obligation to turn over "operation" of the lease could be performed in any county. The operating agreement recited that each party owned an interest in an oil lease in Stephens County and in production from said land and in the equipment thereon, used in connection with the production of oil from said land. They agreed that "said lands shall be developed and operated in

conformity with the terms and provisions of said leases and with this instrument." It then provided that the operator should manage "the properties covered by this agreement" and should have the "sole custody" thereof and "complete and exclusive charge, management and control of all development, equipment and operation". Each non-operator granted to the operator, as security for payment of his part of the expense of operation, a lien upon the "real and personal property" described in said agreement. It provided that it should continue in force so long as said lease was owned jointly by the parties, their heirs or assigns. The operator was granted the right to pool all the minerals. The supplemental contract was a letter which recited that it should serve as a memorandum of their agreement to modify the operating agreement covering a mineral lease recorded in Stephens County. It provided that if, at any time, appellees thought they could operate the lease more economically than appellant, by giving 30 days' written notice, appellees should have the right to assume the privileges and duties of operator. Appellees gave the required notice and appellant refused to let them take charge of the lease and the equipment thereon and operate it under said agreements. This suit was essentially for the purpose of taking over the "sole custody" and "complete and exclusive charge, management and control of all development, equipment and operation" of a lease in Stephens County. Appellees could not have the sole custody and the exclusive charge, management and control of all development of said lease in Stephens County and the equipment thereon, as provided in the operating agreement, without going on said land in Stephens County and pumping and selling oil therefrom and taking charge of the equipment on that land. Construction of said instruments and a declaratory judgment that appellees had a right to do such things is but the means by which appellees seek to take the physical custody and control of the lease and equipment on land in Stephens County. See Garrison v. Morrow, Tex.Civ. App., 300 S.W.2d 175, 177 (Writ Dis.). We remain convinced that the Steffens case requires our holding that venue is maintainable in Stephens County under exception 5.

In Coffield v. Richter, Tex.Civ.App., 229 S.W.2d 97, recently cited by our Supreme Court with apparent approval, Richter sued Coffield, a non-resident, in Fayette County on a written contract which merely recited that it acknowledged the sale of oil in a tank located on a lease at Schulenburg, which oil was to be removed within 15 days. Coffield failed to remove the oil and was sued for damages. The pleading and the proof showed that the oil was in Fayette County. The court said the agreement described the oil as being stored in a tank on a lease in Schulenburg and provided for its removal. It concluded that the contract named a definite place in Fayette County and provided the place for its performance. Applying the same idea to the instant case, the written contracts recited that the subject thereof was an oil lease in Stephens County and the parties contracted for its development and operation in conformity with said lease and said agreements. They expressly recited that said lease was situated in Stephens County and that the operator should have the sole custody and exclusive charge of all development and operation thereon and of all equipment on the lease. The parties contracted in writing to perform the obligations sought to be enforced in Stephens County and expressly named that county in the operating agreement. Therefore, venue is maintainable there under exception 5 to Article 1995. See also McKenzie Construction Co. v. Pittman, Tex. Civ.App., 288 S.W.2d 527, (Writ Dis.); Wood Motor Company v. Hawkins, Tex. Civ.App., 226 S.W.2d 487; Carlon Products Corp. v. Schwab, Tex.Civ.App., 310 S.W.2d 767, 769; Reinhart v. W. H. Cothrum & Co., Tex.Civ.App., 244 S.W.2d 562 and Garrison v. Morrow, Tex.Civ.App., 300 S.W.2d 175, 177. The motion for rehearing is overruled.