**COMMUNITY INNS FRANCHISE, INC.,**
Appellant,

v.

**Sam PLUMMER et al., Appellees.**

No. 7580.

Court of Civil Appeals of Texas.

Texarkana.

April 28, 1964.

Garrett & Garrett, Fort Worth, for appellant.

E. E. Brewer, Angleton, Kenneth Furlow, Beaumont, for appellees.

FANNING, Justice.

This is a venue case. Plaintiffs-appellees, residents of Brazoria County, brought a declaratory judgment suit in Jefferson County against defendant-appellant, a Texas corporation, a resident of Tarrant County.

Plaintiffs' pleadings pertinent to venue were in essence to the effect that they negotiated with defendant's agent in connection with a franchise agreement, but that plaintiffs never entered into any such agreement, that defendant is claiming that there is a franchise agreement with the further claim by defendant that plaintiffs owe $7,500.00 to defendant as a franchise fee, that defendant has threatened to interfere with the operation of Hotel Beaumont, and plaintiffs in said suit seek a declaratory judgment to determine whether or not there was a valid franchise agreement, etc.

Defendant filed a plea of privilege to be sued in Tarrant County and plaintiffs filed a controverting affidavit relying upon Subdivisions 5, 14 and 23 of Article 1995, Vernon's Ann.Civ.St.

The plea of privilege was overruled and defendant has appealed.

Appellant attempted to sell appellees a franchise and management contract. It is undisputed that the parties never entered

into said contract. However, appellees needed the franchise contract in connection with obtaining a loan to finance the purchase of Hotel Beaumont. The franchise agreement, signed by appellant only, was furnished to appellees with the understanding that appellee Plummer would pay $7,500.00 upon the happening of certain conditions precedent. The only claim appellant has is based upon the promise in the letter by Plummer that " * * * I will be responsible to pay this fee ($7,500.00) to you when and if the Hotel Beaumont purchase is completed and your organization takes over this facility."

 As hereinbefore stated, no franchise agreement was made. The only dispute between the parties is whether or not appellees are obligated to pay the $7,500.00 promised by Plummer in his letter. *No place for payment is stated in this writing.*

It is clear that venue of appellees' suit cannot be maintained in Jefferson County, Texas, under Subdivision 5 of Art. 1995, V.A.C.S., since no written contractual obligation pertinent to this case was to be performed in Jefferson County, Texas. Subd. 5, Art. 1995, V.A.C.S.; 1 McDonald, Texas Civil Practice, § 4.11.

 Subdivision 14 of Art. 1995, V.A.C.S., is also clearly inapplicable to sustain venue in Jefferson County, Texas. The only allegation in plaintiffs' petition even remotely related to Subd. 14 is that "Defendant has threatened to interfere with the plaintiffs' operation of the Hotel Beaumont." There is no allegation that defendant claims any interest in Hotel Beaumont or in any land in Jefferson County, Texas. Defendant's threat to sue to collect the $7,500.00 allegedly due it would not constitute an injury to land. Brown v. Gulf Television Co., 157 Tex. 607, 306 S.W.2d 706. Also there is no evidence of probative force in the record that defendant threatened to actually "interfere with the plaintiffs' operation of the Hotel Beaumont."

 Subdivision 23 of Art. 1995, V.A.C.S., is also clearly inapplicable as there is no evidence of any probative force that any part of appellees' cause of action, if appellees had any cause of action, arose in Jefferson County, Texas. The suit at bar for which venue is to be decided is simply for a declaratory judgment that *no* cause of action exists in favor of defendant against plaintiffs. General venue rules apply, as the Declaratory Judgment Act, Art. 2524-1, V.A.C.S., does not fix venue.

Plaintiffs-appellees having failed to show any exception to the general venue statute, Art. 1995, V.A.C.S., so as to show venue of this cause to be in Jefferson County, Texas, it follows that appellant's plea of privilege should have been sustained.

The judgment of the trial court is reversed and judgment is rendered transferring the cause to a District Court of Tarrant County, Texas.

Reversed and rendered.