**TEXAS OIL & GAS CORPORATION,**
Appellant,

v.

Robert **ALLGOOD** et al., Appellees.

No. 673.

Court of Civil Appeals of Texas,
Tyler.

Feb. 22, 1973.

Rehearing Denied April 5, 1973.

W. S. Barron, Jr., Geary, Brice, Barron & Stahl, Dallas, for appellant.

H. M. Harrington, Jr., Harrington & Harrington, Longview, for appellees.

MOORE, Justice.

This is an appeal from an order overruling a plea of privilege. Defendant, Texas Oil & Gas Corporation, is a foreign corporation operating under a permit to do business in Texas, with its principal office in Dallas, Dallas County, Texas. Plaintiffs instituted the suit against defendant alleging that as lessors they executed an oil, gas and mineral lease to defendant, Texas Oil & Gas Corporation, on land situated in Upshur County, Texas, by the terms of which appellant agreed that it would pay royalties on gas produced from said land as follows: "(b) on gas, including casinghead gas and all gaseous substances, produced from said land and sold, the royalty shall be 1/4th of the amount realized from such sale." Plaintiffs further alleged that after a gas well had been brought into production on the land, appellant failed to pay them the full 1/4th of the amount realized from the sale of the gas but instead deducted therefrom $0.03 per MMBTU for treating charges; that said treating charges were not provided for under the terms of the lease and defendant was therefore not entitled to deduct same from their share of the royalty. Plaintiffs prayed for a judgment determining the meaning of the gas royalty provision "1/4 of the amount realized from such sale" and for a judgment for the difference between what appellant paid and what was due to be paid as gas royalty under the lease from the time of first production to the date of judgment.

Defendant filed its plea of privilege seeking to have the case transferred to Dallas County, the place of its principal office and place of business. Plaintiffs filed their controverting plea of privilege alleging that venue was proper in Upshur County by virtue of subdivisions 23 and 27 of Article 1995, Vernon's Ann.Tex.Civ. Statutes, because the cause of action or a part thereof arose or accrued in Upshur County. They did not, however, adopt or incorporate by reference the allegations of their petition into the controverting plea. While plaintiffs' petition contained some additional allegations other than those set forth above, the cause of action independently alleged in the controverting plea alleged only those facts hereinabove recited.

After a hearing before the court, sitting without a jury, the plea of privilege was overruled and appellant perfected this ap-

peal. The parties will hereinafter be referred to as "appellant" and "appellees."

The facts are without dispute. Appellees executed the oil and gas lease to appellant containing provisions as to the payment of gas royalties as quoted hereinabove. There is no question but that wells were drilled and gas produced. Neither is there any question as to appellant's right to market the gas on behalf of appellees, and to pay appellees ¼th of the amount realized from the sale of the gas. It is without dispute that appellant has paid gas royalties to appellees based on the amount appellant realized from the sale, less $0.03 per MMBTU for treating the gas prior to sale, and that appellees accepted such amount under a separate agreement with appellant that the acceptance of such amount would not affect their right to prosecute this suit.

The record fails to show the county in which the lease contract was made. It does show, however, that appellees acknowledged their signatures before a Notary Public in Gregg County, Texas. There is nothing in the lease showing where the royalty payments were to be made and there is nothing in the statement of facts showing where such payments were to be made.

Appellant urges that the trial court erred in holding venue in Upshur County by virtue of subdivision 23 or 27 of Article 1995, supra, because there is no evidence to show that the particular cause of action alleged by appellees, or any part thereof, arose or accrued in that county. As we view the record this contention must be sustained.

■ It is the general rule in Texas that a defendant is entitled to be sued in the county of his residence and that application of the exceptions set forth in Article 1995 must clearly appear. Goodrich v. Superior Oil Co., 150 Tex. 159, 237 S.W.2d 969 (Tex.Sup., 1951). Also, to sustain venue in a given case it is the plaintiff's burden to allege and prove the venue facts appropriate to the character of suit alleged.

Cowden v. Cowden, 143 Tex. 446, 186 S. W.2d 69 (Tex.Sup., 1945).

■ Under subdivisions 23 and 27, venue in a suit against a domestic or foreign corporation is proper in a county where the plaintiff's cause of action or a part thereof arose (23) or accrued (27). The foregoing subdivisions have been accorded a uniform construction and mean "that either some part of the transaction creating the primary right, or some part of the transaction relating to the breach of that right, must have occurred in the county where the suit is brought." Stone Fort National Bank of Nacogdoches v. Forbess, 126 Tex. 568, 91 S.W.2d 674, 676 (1936); Tyler Bank and Trust Co. v. Athens Commission Co., 301 S.W.2d 710 (Tex.Civ. App., Dallas, 1957, n. w. h.); McDonald, Texas Civil Practice, Vol. 1, sec. 4.30.2(I).

■■ Since appellees failed to incorporate the allegations of their petition in their controverting plea, we must look to the controverting plea alone in determining the character of the suit alleged. Fair v. Mayfield Feed & Grain Co., 203 S.W.2d 801 (Tex.Civ.App., Amarillo, 1947, n. w. h.). In their controverting plea, appellees alleged facts showing the execution of the lease and the production of gas. They further alleged that appellant failed to fulfill its obligation of paying appellees their full ¼th of the amount realized from the sale of the gas, but instead, deducted $0.03 MMBTU for treating charges, which treating charges were not provided for in the lease. Thus the pleadings show that the character and dominant purpose of the suit was to enforce the provisions of the contract providing for the payment of royalties.

■ The only proof offered by appellees for the purpose of showing the cause of action or a part thereof arose or accrued in Upshur County was the oil and gas lease. As stated, the lease contract was not made in Upshur County· and there is nothing in the instrument obligating appel-

lant to pay in Upshur County. Appellees argue that since the land was situated in Upshur County and appellant performed its obligation of drilling wells and producing gas in that county, appellant's obligation to pay royalty was also performable in that county. With this contention we cannot agree. The fact that the written instrument may have obligated appellant to drill wells in Upshur County does not constitute any evidence that appellant agreed to pay royalty in Upshur County. It is readily apparent that appellant did not, in the instrument on which appellees have based their suit, expressly agree or contract to pay the royalty in Upshur County, nor did it do so by implication.

■ Since appellant's obligation to pay royalty is the only obligation appellees seek to enforce in this suit, and since the instrument which is the basis of this suit and on which they rely to sustain venue does not make that particular obligation performable in Upshur County, there is no evidence to support the trial court's implied finding that the cause of action to enforce the payment of royalty or a part thereof arose or accrued in Upshur County. Shamrock Oil & Gas Corporation v. Price, 364 S.W.2d 260 (Tex.Civ.App., Amarillo, 1963, n. w. h.); Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120 (1952). While the Rorschach case involved subdivision 5 of Article 1995, we think the reasoning therein is applicable here. Whatever obligation the oil company owed the appellees it was owed under the lease contract.

Appellees further argue that the judgment holding venue in Upshur County may be sustained because their pleadings were sufficient to show that they also sought relief in the nature of a declaratory judgment to construe the meaning of the payment clause of the lease. We have concluded that this contention is likewise without merit.

■ In cases brought under the Uniform Declaratory Judgment Act, Art. 2524–1, V.A.T.S., it is the "nature and dominant purpose of the suit," as shown by the pleadings that control venue. McCurdy v. Morgan, 252 S.W.2d 264, 266 (Tex.Civ.App., San Antonio, 1952); Garrison v. Morrow, 300 S.W.2d 175 (Tex.Civ. App., Beaumont, 1957, dis. w. o. j.). As already stated, the nature and dominant purpose of the suit was to enforce appellant's obligation to pay the correct amount of royalties in accordance with the lease. Since the lease was not made in Upshur County and there is nothing therein designating the place of payment, there is no evidence in the record showing that any part of the transaction creating the primary right or the breach thereof arose or accrued in Upshur County. The fact that appellees may have sought a declaratory judgment to construe the meaning of the payment clause would not change the character or dominant purpose of the suit. The Declaratory Judgment Act does not fix venue. Community Inns Franchise, Inc. v. Plummer, 379 S.W.2d 670 (Tex. Civ.App., Texarkana, 1964, n. w. h.). It is the nature and dominant purpose of the suit as shown by the pleading and evidence that control venue.

Since the evidence fails to show the venue in Upshur County, Texas, it follows that appellant's plea of privilege should have been sustained. Accordingly, the judgment of the trial court is reversed and judgment is rendered transferring the cause to the District Court of Dallas County, Texas.

Reversed and rendered.

## ON MOTION FOR REHEARING

Appellees have seasonably filed their motion for rehearing. Pending hearing of the motion, however, they have filed a motion requesting leave to withdraw said motion for rehearing and that a mandate in the cause issue immediately. As grounds therefor they state that in view of the per curiam opinion of the Texas Supreme Court in Employers Casualty Company

v. Clark, Tex., 491 S.W.2d 661 (1973), they have come to the conclusion that the opinion of the Court of Civil Appeals in this cause is correct "and proof of only parts of a cause of action are insufficient." The motion to withdraw the motion for rehearing is accordingly granted, and the motion for rehearing is dismissed, and it is ordered that the mandate issue immediately.