**H. MOLSEN & CO., INC., Appellant,**

**v.**

**HARP AND LOVELACE et al., Appellees.**

**No. 8503.**

Court of Civil Appeals of Texas, Amarillo.

Nov. 4, 1974.

Grady, Johnson, Smith & Blakeley, Thomas A. Blakeley, Jr., Dallas, for appellant.

McWhorter, Cobb & Johnson, Jack P. Driskill, Lubbock, for appellees.

REYNOLDS, Justice.

A plea of privilege directed to a suit for declaratory judgment was overruled. Plaintiffs failed to prove their pleaded general venue rule exceptions that there existed a contract performable by, or that a cause of action arose against, the defendant in the county of suit. Reversed and rendered.

Harp and Lovelace, a partnership composed of Elbert E. Harp and Joe Lovelace, and Joe Lovelace individually filed this suit in Hale County where they resided, seeking a declaratory judgment determining the rights of the parties under two cotton crop contracts executed by Lovelace for himself and on behalf of the partnership as sellers. Named as defendant was H. Molsen & Co., Inc., a Texas corporation, the purchaser for which the contracts had been negotiated. Plaintiffs, alleging that Molsen had demanded delivery of all cotton produced on the farms designated in the contracts,[1] specifically seek a declaration that the cotton with a micronaire [2] test above 3.5 is not embraced within the terms of the contracts.

Molsen's plea of privilege asserting its right to have the suit transferred to Dallas County, its domiciliary county, was controverted by plaintiffs' affidavit stating that venue was proper in Hale County under the subdivisions 5, 10 and 23 exceptions to the general venue statute, Vernon's Ann.Civ.St. art. 1995.[3] Following the venue hearing, the trial court overruled Molsen's plea of privilege, specifying in its order that venue is sustained in Hale County under subdivision 23. Even though requested, findings of fact and conclusions of law were not filed.

■ Since the Declaratory Judgment Act, V.A.C.S. art. 2524–1, the predicate

authority for declaratory judgment actions, does not fix venue, the general venue statute applies. Community Inns Franchise, Inc. v. Plummer, 379 S.W.2d 670 (Tex.Civ.App.—Texarkana 1964, no writ). To deny the defendant the right conferred by the general venue statute to be sued in his home county, the plaintiff has the burden to specifically plead and prove by a preponderance of the evidence that the case comes within one of the exceptions enumerated in the statute. Resendez v. Lyntegar Electric Cooperative, Inc., 511 S.W.2d 350 (Tex.Civ.App.—Amarillo 1974, no writ).

■ On submission, plaintiffs candidly conceded that venue is not sustainable in Hale County under the subdivision 10 exception and that subdivision will not be further noticed. However, plaintiffs insist that either the subdivision 5 or the subdivision 23 exception authorizes venue in the county of suit.

■ Under subdivision 5, plaintiffs were required to allege and prove that Molsen had "contracted in writing to perform an obligation in" Hale County, "expressly naming such county, or a definite place therein, by such writing." The contracts are silent as to the place where Molsen is required to perform any obligation under the contracts. Nevertheless, plaintiffs argue that the contractual provision for ginning plaintiffs' cotton at three named gins, two of which are shown by extrinsic evidence to be located in Hale County, implies that plaintiffs are to deliver the cotton to Molsen at the gin and that Molsen is to accept the delivery and pay for the cotton at the time and place of delivery. The cases relied on by plaintiffs for this argument are the cases holding that the *obligation* to be performed by the defendant need not be expressly stated in

1. The parties are agreed that the cotton in question has been delivered to Molsen pursuant to an agreement that is not shown in the record.

2. Micronaire refers to the measured strength or coarseness of the cotton fiber.

3. Mention hereinafter made of a particular subdivision number refers to that subdivision of the general venue statute, Vernon's Ann. Civ.St. art. 1995.

the contract and may be implied from the four corners of the contract, but that subdivision 5 requires that the *place of performance* of the obligation must be expressly named in the contract and may not be fixed by implication. See, e. g., McKenzie Construction Company v. Pittman, 288 S.W.2d 527 (Tex.Civ.App.—San Antonio 1956, writ dism'd). Because the contracts themselves do not expressly name Hale County, or a definite place therein, as the place of performance of any obligation by Molsen, the subdivision 5 exception was not applicable.

■■■ The plaintiffs also sought to invoke, and the trial court found the applicableness of, subdivision 23 to maintain venue in Hale County. Insofar as its provisions are material to the facts here, that subdivision reads:

23. Corporations and associations.— Suits against a private corporation . . may be brought . . . in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation . . . has an agency or representative in such county.

The cause of action contemplated by subdivision 23 requires proof by the plaintiff that he has at least a right and a breach thereof by the defendant. Employers Casualty Company v. Clark, 491 S.W.2d 661 (Tex.1973). In this connection, plaintiffs acknowledge that to prove their pleaded cause of action they must establish the contracts and a breach by Molsen. For the purpose of this opinion, we accept plaintiffs' statements that the proof shows the contracts were executed in Hale County and that U. O. Hobgood, who secured for the purchaser the contracts made the subject matter of this declaratory judgment action, was Molsen's representative in Hale County.

In considering the matter of venue in declaratory judgment actions, it is the nature and dominant purpose of the suit as shown by the pleadings that determine whether the venue issue is fairly within the exception. McCurdy v. Morgan, 252 S.W.2d 264 (Tex.Civ.App.—San Antonio 1952, no writ). Plaintiffs' petition shows the nature of their suit is a request for a determination of the rights of the parties under the two contracts, and that the dominant purpose is to secure a declaration that "said contracts do not purport to cover cotton produced from said farms with micronaire range over and above 3.5."

If in fact the trial court impliedly found, consistent with plaintiffs' pleaded dominant purpose to secure the declaration, that there is *no* contract requiring plaintiffs to deliver the cotton Molsen demanded, then plaintiffs failed in their burden to prove the existence of a contract which could be breached by Molsen. In that event, there would be an absence of proof that a cause of action or part thereof arose in Hale County so as to support venue under subdivision 23. See Community Inns Franchise, Inc. v. Plummer, supra.

Plaintiffs alternatively submit another theory on which the trial court may have found venue to exist in the county of suit under subdivision 23. They contend that if the trial court construed the contracts to include all cotton produced, then since nothing was said at the time of contracting as to price for cotton testing above 3.5 micronaire, the price is a reasonable price at the time for delivery pursuant to V.T.C.A., Bus. & C. § 2.305(a)(1); and, when Molsen refused to pay the prevailing market price for the cotton in question, the breach occurred. If that is the implied finding the trial court made to sustain venue under subdivision 23, the finding must fall for lack of both pleading and proof.

Plaintiffs did not specifically plead a right under the contracts to receive the prevailing market price for the cotton in question; indeed, the pleadings emphatical-

ly allege that the failure to provide a price for such cotton rendered the contracts inapplicable as a matter of law to that cotton. The lack of pleading for the theory now argued so as to bring the case within the subdivision 23 exception alone negates the finding.

Moreover, there is no evidence to support the conclusion necessary to the validity of the finding. Required for the finding is the conclusion that the parties intended to contract all cotton produced without settling the price for the cotton with a micronaire test in excess of 3.5. This is made manifest by the first sentence of V.T.C.A., Bus. & C. § 2.305(a), which states: "The parties *if they so intend* can conclude a contract for sale even though the price is not settled." (Emphasis added). Only two witnesses, Lovelace and Hobgood, testified at the venue hearing. Lovelace testified that at the time of contracting it was his intention to sell the entire crop and that it was not his intention to leave the price open. Hobgood stated that at the time his intention was that the contract price for 3.5 micronaire cotton would be the price for all cotton testing in excess of 3.5 micronaire. In this state of the evidence, there could be no breach in the failure of Molsen to pay a price that was not intended by, nor specifically pleaded to be the reasonable price within the intention of, the parties at the time they concluded the contracts.

Since plaintiffs failed to specifically plead and prove that their declaratory judgment action comes within any exception to the general venue statute, the judgment must be reversed. Judgment is rendered sustaining the plea of privilege and ordering the cause transferred pursuant to Rule 89, Texas Rules of Civil Procedure, to one of the district courts of Dallas County for docketing and assignment in accordance with V.A.C.S. art. 2093f. Rule 434, T.R.C.P.

ELLIS, C. J., not sitting.