**F. L. LIVINGSTON, Appellant,**

v.

**ATLAS PIPE & EQUIPMENT COMPANY, Appellee.**

No. 6559.

Court of Civil Appeals of Texas, El Paso.

Oct. 27, 1976.

Jennings, Montgomery, Dies & Turner, Frank L. Jennings, Graham, for appellant.

Turpin, Smith & Dyer, Thomas L. Lowry, Robert R. Truitt, Jr., Midland, for appellee.

## OPINION

WARD, Justice.

This is a venue case. Atlas Pipe & Equipment Company sued F. L. Livingston on an open account. The plea of privilege asked transfer to Archer County. The controverting affidavit sought to retain venue in Midland County under Subdivisions 5, 9, and 12 of Article 1995, Tex.Rev.Civ.Stat. Ann. The trial Court overruled the plea. The judgment below is reversed and the case is transferred to the District Court of Archer County.

The suit is on an open account arising from goods delivered and services performed by the plaintiff for the defendant, and the pleadings are properly verified in accordance with Rule 185, Tex.R.Civ.P. Attached to the petition are two exhibits marked "A" and "B" in the form of invoices from the plaintiff and addressed to the defendant totaling the sum of $8,939.33. At the hearing on the plea of privilege, the plaintiff offered in evidence the plaintiff's original petition with the two attached exhibits and the controverting plea, and then rested. Neither party introduced any further evidence.

■ We are first confronted with an attack on the Appellant's brief for failure to comply with Rule 418, Tex.R.Civ.P. The Appellant's points and statement are in correct form, but the argument is presented by copies of letters addressed to the trial Court in the form of memorandum briefs. The brief fails to comply with the Rule, and is not to be recommended. However, the Appellee's complaint is overruled due to the meager evidence produced at the hearing, with the resulting simplicity of the case and the fact that the defendant's position is made clear by his brief.

■ The defendant's plea of privilege contained no sworn denial regarding the account as called for by Rules 93(k) and 185, and it is the plaintiff's position that such failure admitted all of the plaintiff's cause of action. The defendant's first point attacks this position and asserts that the trial Court erred in overruling the plea of privilege as Subdivision 5 is inapplicable. Proof of a plaintiff's cause of action is one thing, but such proof does not necessarily sustain venue under Subdivision 5, where the vital venue facts are proof of a written contract and proof that the particular obligation sought to be enforced by the suit is required by the contract to be performed in Midland County. In this case, the two invoices in evidence are headed up with the plaintiff's name followed by the words "Midland, Texas." Place of payment is not shown. Terms are shown as "Net" and "Interest will be charged on past due accounts." The evidence to sustain venue in Midland County asserted on a cause of action arising from a failure to pay a debt is totally lacking. While the place of payment may be implied from the invoices to be in Midland County, such an implication cannot be used to fix venue under Subdivision 5. *H. Molsen & Co., Inc. v. Harp and Lovelace,* 516 S.W.2d 433 (Tex.Civ.App.—Amarillo 1974, no writ); *H. Molsen & Co., Inc. v. Raines,* 534 S.W.2d 146 (Tex.Civ.App.—El Paso 1975, writ dism'd); *Heath v. Gilbreath,* 536 S.W.2d 404 (Tex.Civ.App.—El Paso 1976, no writ); and *Black v. Bryant,* 308 S.W.2d 231 (Tex.Civ.App.—Waco 1957, writ dism'd).

The statement of facts offers no evidence whatsoever to show that Sections 9 and 12 of Article 1995 are applicable. The failure of the defendant to pay the alleged debt does not establish a crime under the terms of Section 31.04, Tex.Penal Code Ann., and the allegations and prayer of the plaintiff's petition are totally foreign to the requirements of Section 12.

The Appellant's points are sustained. The judgment of the trial Court is reversed and judgment is here rendered that this case be transferred to the District Court of Archer County.

PRESLAR, C. J., not sitting.