FIRST GIBRALTAR MORTGAGE
CORPORATION, Appellant,

v.

GIBRALTAR SAVINGS ASSOCIATION,
Appellee.

No. 05–83–00329–CV.

Court of Appeals of Texas,
Dallas.

Aug. 31, 1983.

Rehearing Denied Oct. 3, 1983.

concurrence.

---

1. *See* Judge Clinton's concurring opinion in *Hernandez v. State,* 651 S.W.2d 746 at p. 752 of

Phillip Gilbert, Michael L. Riddle, Riddle & Brown, Dallas, for appellant.

John W. Berkel, Virginia Belval, Simms, Harpole & Berkel, Houston, for appellee.

Before STOREY, WHITHAM and ROWE, JJ.

ROWE, Justice.

This is a venue case. First Gibraltar Mortgage Corporation brought suit in Dal-las County against Gibraltar Savings Association under Tex.Rev.Civ.Stat.Ann. art. 2524–1 (Vernon 1965), the Declaratory Judgment Act, seeking a declaration that "Plaintiff possesses an equal or superior right to Defendant to the use of the word 'Gibraltar' in its corporate name." The trial court sustained Gibraltar Savings' plea of privilege to be sued in Harris County, where its principal office is located. Although the controverting plea did not refer specifically to Tex.Rev.Civ.Stat.Ann. art. 1995 § 23 (Vernon 1964), First Gibraltar at the venue hearing and on appeal urges its entitlement to venue rights thereunder. We agree. The trial court's order transferring the cause to Harris County is reversed, and judgment is rendered overruling the plea of privilege.

After hearing witnesses and examining documentary exhibits, the trial court found that First Gibraltar was a resident of Dallas County, that Gibraltar Savings was a resident of Harris County but maintained an agent in Dallas County, and that a real dispute and controversy between Gibraltar Savings and First Gibraltar arose out of First Gibraltar's use of the name "Gibraltar" in its activities in Dallas County. Gibraltar Savings' plea of privilege was nonetheless sustained because the trial court concluded as a matter of law that: (a) A cause of action for declaratory judgment is not a cause of action for venue purposes under subdivision 23 of article 1995; and (b) Since no cause of action for relief under the Declaratory Judgment Act was stated in plaintiff's petition, subdivision 23 of article 1995 was not applicable to fix venue where plaintiff resided. For reasons given below, both these conclusions of law are erroneous.

■ To the extent First Gibraltar's petition seeks a declaration of its potential liability to Gibraltar Savings for use of the word "Gibraltar", Gibraltar Savings would have us follow our earlier decision in *KMS Research Laboratories v. Willingham*, 629 S.W.2d 173 (Tex.App.—Dallas 1982, no writ). In that personal injury suit in a products liability case, we followed federal

precedent and held that litigation of liability of a potential defendant in a tort action was an improper use of the Declaratory Judgment Act. By using similar reasoning, however, when we apply federal precedent to this case, we reach a different result because federal courts have found potential trade name infringement cases not subject to this prohibition. *Chesebrough-Pond's, Inc. v. Faberge, Incorporated,* 666 F.2d 393 (9th Cir.1982), cert. denied —— U.S. ——, 103 S.Ct. 294, 74 L.Ed.2d 277 (1982). Federal courts generally have held declaratory judgment litigation to be an appropriate vehicle for determining infringement or noninfringement of such protected rights. *Pizitz, Inc. v. Pizitz Mercantile Company,* 467 F.Supp. 1089 (N.D.Ala.1979); *See also Grafon Corporation v. Hausermann,* 602 F.2d 781 (7th Cir.1979). Because the provisions of article 2524–1 were available as a vehicle to test the question of trade name infringement in this case, the trial court erred in holding as a matter of law that First Gibraltar's petition failed to state facts sufficient to entitle it to any relief under the Declaratory Judgment Act.

 To the extent First Gibraltar's petition does allege facts entitling it to relief under the Declaratory Judgment Act and evidence in the record supports the trial court's finding that a real controversy exists, does the showing of such a justiciable controversy, in and of itself, meet the venue requirements of subdivision 23 of article 1995? We hold that it does. *Bituminous Casualty Corporation v. Commercial Standard Insurance Company,* 639 S.W.2d 25 (Tex.App.—Tyler 1982, no writ); *Amoco Production Company v. Texas Electric Service Company,* 614 S.W.2d 194 (Tex.Civ. App.—Houston [14th Dist.] 1981, no writ). We follow the *Bituminous* and *Amoco* cases, not unmindful of the Texarkana court's contrary decision in *Community Inns Franchise, Inc. v. Plummer,* 379 S.W.2d 670 (Tex. Civ.App.—Texarkana 1964, no writ), and Judge Norvell's yardstick in *McCurdy v. Morgan,* 252 S.W.2d 264, 266 (Tex.Civ.App. —San Antonio 1952, no writ), that the general venue exceptions of Article 1995 are applicable in declaratory judgment actions only where the "nature and dominate purpose of the suit," that is, the subject matter of the suit, is one covered by the exception. Actions for declaratory judgment are sui generis, and rights under the enabling statute are to be liberally construed. *Amoco.* We perceive no reason to hobble these rights by requiring in a venue case that the litigant prove entitlement to some particular declaration of rights sought. A showing that the court has jurisdiction to grant declaratory relief in the controversy in question is all that should be required. First Gibraltar proved as much in this record. Consequently, the trial court erred in sustaining Gibraltar Saving's plea of privilege.

The order is reversed and judgment is rendered overruling the plea of privilege and remanding the cause for trial in Dallas County.