BUTLER ET AL. *v.* DEXTER

No. 75–623. Decided April 19, 1976

PER CURIAM.

This is an appeal under 28 U. S. C. § 1253 from an order of a three-judge District Court enjoining the appellants from prosecuting the appellee on the felony charge that his motion picture projector is a "criminal instrument" under § 16.01 of the Texas Penal Code.[1]

---

[1] Texas Penal Code Ann. § 16.01 (1974):

"Unlawful Use of Criminal Instrument

"(a) A person commits an offense if:

"(1) he possesses a criminal instrument with intent to use it in the commission of an offense; or

"(2) with knowledge of its character and with intent to use or aid or permit another to use in the commission of an offense, he manufactures, adapts, sells, installs, or sets up a criminal instrument.

"(b) For purposes of this section, 'criminal instrument' means anything that is specially designed, made, or adapted for the commission of an offense.

"(c) An offense under this section is a felony of the third degree."

Since no substantial question about the constitutionality of § 16.01 has been raised, we dismiss the appeal for want of jurisdiction in this Court.[2]

The facts of this case are relatively simple. The appellee, Richard Dexter, ran the Fiesta Theatre in San Antonio, Tex., which in June and July 1974 was exhibiting the film "Deep Throat." On three[3] separate occasions, an officer of the San Antonio police force paid for admission, entered the theater, and viewed the film. The officer, on each occasion, then wrote out a "Motion for Adversary Hearing" to determine whether there was probable cause to seize the film for violating the Texas obscenity laws. Each time, a magistrate held a short "hearing" in the lobby of the theater, at which he heard the testimony of the police officer, then viewed the film. Each time, the magistrate then issued a warrant to seize the film *and* to seize the projector as a "criminal instrument" under § 16.01 of the Texas Penal Code. Appellee was then arrested and charged with "commercial obscenity" in violation of Texas Penal Code, § 43.23, and "use of a criminal instrument" in violation of § 16.01. The charge of commercial obscenity is a Class B misdemeanor, carrying a fine not to exceed $1,000, confinement not to exceed 180 days, or both.[4] Appellee did not, according to the trial court, pursue any complaint about these charges in the federal court. He was brought to trial on these charges in the state courts and they are not in issue here. His challenge, rather, was against the prosecutor's charging him with violations of the criminal

---

[2] Although the appellee has not moved to dismiss the appeal, this Court must take notice on its own motion where jurisdiction does not appear. *Brown Shoe Co.* v. *United States,* 370 U. S. 294, 306 (1962).

[3] There was another occasion where substantially the same events occurred, but appellee was not arrested, although a theater employee named William Walker was.

[4] Tex. Penal Code Ann. § 12.22 (1974).

instruments statute for his possession of ordinary 16-mm. movie projectors. Violation of that statute is a third-degree felony, and carries a penalty of from 2 to 10 years' confinement and a fine not to exceed $5,000.[5] Although the felony complaints were lodged and appellee was forced to post some $31,000 in bonds, these charges were never presented to the grand jury.[6]

A "criminal instrument," for purposes of the Texas statute, is anything "specially designed, made, or adapted for the commission of an offense."[7] From an examination of the "clear language of the statute" and from an examination of the unofficial "practice commentary" to the statute, the District Court concluded that "[b]y no stretch of the imagination could this statute be used to cover the plaintiff's actions or the possession of an ordinary portable 16 millimeter motion picture projector with removable interchangeable reels."[8]

From its conclusion as to the obvious inapplicability of the statute, and from the prosecutor's failure to present the charges to the grand jury, the District Court found that "[c]harging the plaintiff with a § 16.01 violation . . . cannot have been undertaken with any design to actually convict the plaintiff of the crime. . . . Such a blatant use of an inappropriate statute, which bootstrapped the misdemeanor offense into a felony was effective in requir-

---

[5] Tex. Penal Code Ann. § 12.34 (1974).

[6] Appellants argued below that the District Attorney believed he was precluded from pursuing those charges by the restraining order issued by the federal court. However, the restraining order specifically provided that "no pending state criminal prosecutions are enjoined and the State is free to bring to trial and try any such cases." The District Judge also informed the appellants on at least two occasions during the hearings that the restraining order did not bar the bringing of indictments on any pending charges.

[7] See n. 1, *supra*.

[8] *Universal Amusement Co.* v. *Vance*, 404 F. Supp. 33, 48, 51 (SD Tex. 1975).

ing that bail for a felony offense be set, not once but several times. The authorities could not believe, however, that Dexter would ultimately be convicted." [9]

Appellants present several contentions regarding the jurisdiction of the District Court and the correctness of its decision. We do not reach these questions, however, as we have concluded that we have no jurisdiction to consider this case on direct appeal. Jurisdiction is predicated on 28 U. S. C. § 1253, granting the right of direct appeal from an order "granting an . . . injunction in any civil action . . . required by any Act of Congress to be heard and determined by a district court of three judges." Title 28 U. S. C. § 2281 provides that "[a]n . . . injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute . . . shall not be granted . . . upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges . . . ." Under this statute a three-judge court is required if "a complaint seeks to enjoin a state statute on substantial grounds of federal unconstitutionality, . . . even though nonconstitutional grounds of attack are also alleged . . . ." *Florida Lime Growers* v. *Jacobsen,* 362 U. S. 73, 85 (1960). However, in this case the District Court ruled that the actions of the appellants were not taken in the enforcement of the statute and thus no serious question about the constitutionality of the statute was presented.

As noted above, the District Court found that the felony "criminal instruments" charges were made in bad faith and without any design actually to convict appellee on those charges. Rather, the felony charges were made as part of a pattern of harassment by the San

---

[9] *Id.,* at 48.

Antonio police designed to force appellee to stop exhibiting "Deep Throat." But the arrests and the charges were not made in any attempt to enforce § 16.01.[10] Nor was the injunction granted on the ground that § 16.01 was unconstitutional; rather, it was granted on the ground that the local officials had acted unconstitutionally in using that statute as a pretext for arrest and the setting of felony bonds when they knew that the statute was inapplicable and that no conviction could ever be obtained. Since no substantial question concerning the constitutionality of § 16.01 was presented to the District Court, a three-judge court was not required.[11] Cf. *Bailey* v. *Patterson*, 369 U. S. 31 (1962).

A somewhat better argument might be made that the prosecutor's actions were part of an effort to enforce the commercial obscenity statute, albeit in a somewhat irregular manner. However, it could not be contended that the District Court grounded its injunction in any way on the unconstitutionality of the commercial obscenity

---

[10] Cf. *Phillips* v. *United States*, 312 U. S. 246, 252 (1941): "But an attack on lawless exercise of authority in a particular case is not an attack upon the constitutionality of a statute conferring the authority . . . . It is significant that the United States in its complaint did not charge the enabling acts of Oklahoma with unconstitutionality, but assailed merely the Governor's action as exceeding the bounds of law." This situation is, of course, to be distinguished from an attack on a statute said to be unconstitutional "as applied." See also *Ex parte Bransford*, 310 U. S. 354 (1940).

[11] We have no occasion to consider whether the District Court was correct in deciding that § 16.01 did not—and that appellants knew it did not—authorize appellants' actions. Nor do we consider whether, having so decided, the court was empowered to grant appellee relief enjoining the State from prosecuting him on the pending felony charges purportedly filed pursuant to that section. We hold only that by having made that decision, the court removed from the case any possibility that the statute might be enjoined on the grounds of its unconstitutionality.

statute; the constitutionality of that statute was not even considered in this case.[12]

Since a three-judge court was not required in this case, the appeal should have been taken to the Court of Appeals for the Fifth Circuit. Since the time for appeal may have passed, we vacate the judgment and remand to the District Court so that it may enter a fresh decree from which a timely appeal can, if desired, be taken. *Gonzalez* v. *Automatic Employees Credit Union,* 419 U. S. 90 (1974); *Moody* v. *Flowers,* 387 U. S. 97 (1967).

*It is so ordered.*

---

[12] This case was consolidated in the District Court with several other cases, at least some of which did bring into question the constitutionality of a state statute. Each case before this Court, however, must be considered separately to determine whether or not this Court has jurisdiction to consider its merits.