Ron BURLESON, Plaintiff-Appellant,

v.

COASTAL RECREATION, INC., Defendant-Third-Party Plaintiff-Appellee,

v.

INLAND SAILBOATS, INC., Third-Party Defendant-Fourth-Party Plaintiff-Appellee,

v.

DUTTON LAINSON COMPANY, Fourth-Party Defendant.

No. 75–4184.

United States Court of Appeals, Fifth Circuit.

May 5, 1978.

510

Charles M. Wilson, III, Joe Hill Jones, Dallas, Tex., for plaintiff-appellant.

D. L. Case, Jack Pew, Jr., Dallas, Tex., for Coastal Recreation.

Thomas G. Nash, Jr., Dallas, Tex., for Inland Sailboats, etc.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

THORNBERRY, Circuit Judge:

In this products liability case, the parties have raised not only traditional issues with respect to jury instructions, the interpretation of the Texas Comparative Negligence Statute and other such standard fare, but have presented to the court the novel jurisdictional picture of a winning plaintiff

seeking to overturn the lower court's judgment for lack of jurisdiction and two losing defendants attempting mightily to sustain that jurisdiction.

Burleson, a Texas resident, sued Coastal Recreation, Inc., a California corporation, in federal district court to recover for injuries sustained when a winch on his recently purchased sailboat flew off and hit him in the face. Coastal brought in Inland Sailboats, Inc., the seller, as a third party defendant.[1] Although Inland was a Texas corporation, Burleson amended his complaint to include it, alleging that either ancillary or pendant jurisdiction supported his claim. Inland moved to dismiss the case against it for want of jurisdiction. The district court, relying on the district court opinion in *Fawvor v. Texaco, Inc.,* D.C., 387 F.Supp. 626, *rev'd,* 546 F.2d 636 (5 Cir. 1977), denied Inland's motion to dismiss.[2] A jury found that Burleson was damaged $30,000. It found the parties' relative negligence as Burleson 45%, Coastal 45%, and Inland 10%, but that Inland's negligence was not the proximate cause of the plaintiff's injury. The district court denied plaintiff Burleson's motion for a mistrial and permitted a stipulation by Coastal that it would assume Inland's 10% negligence. The district court then awarded judgment against Coastal for $16,500 and entered a take-nothing judgment against Burleson in favor of Inland.

Burleson appealed, contending that the trial court lacked jurisdiction over his claim against Inland and that this court must reverse the entire case and remand for a new trial on the merits. He also asserted other trial court errors related to specific jury issues. Coastal, as appellee, countered that even if there was no jurisdiction over the Burleson-Inland aspect of the case that *Finn v. American Fire & Casualty Co.,* 207 F.2d 113 (5 Cir.), *cert. denied,* 347 U.S. 912, 74 S.Ct. 476, 98 L.Ed. 1069 (1954), requires that the judgment against Coastal stand undisturbed. The appellee Inland argued the reverse of its earlier position and urged that the district court did have jurisdiction over the claim against it.

Prior to oral argument in this case, the Fifth Circuit reversed the district court's decision in *Fawvor, supra.* That reversal was dispositive of one issue in this case for with the circuit opinion in *Fawvor* as precedent it is clear that the district court's diversity jurisdiction was defective as long as Inland, a Texas corporation, was a party to the action. What is not clear and what we are required to resolve in this case is whether that defect necessarily entitles the plaintiff Burleson to demand what is in effect a second bite at the apple.

■ A preliminary concern of the court was whether Burleson, having taken a $16,500 judgment against Coastal, had standing to appeal as against that defendant. Ordinarily only a litigant who was a party below and who is aggrieved by the judgment or order may appeal. *Credits Commutation Co. v. United States,* 177 U.S. 311, 20 S.Ct. 636, 44 L.Ed. 782 (1900); *United States v. Adamant Co.,* 197 F.2d 1 (9 Cir.), *cert. denied sub nom., Bullen v. Scoville,* 344 U.S. 903, 73 S.Ct. 283, 97 L.Ed. 698 (1952); *Milgram v. Loew's Inc.,* 192 F.2d 579 (3 Cir.), *cert. denied,* 343 U.S. 929, 72 S.Ct. 762, 96 L.Ed. 1339 (1952). A seldom discussed correlative notion is that a party may not rely on anything as cause for reversing a judgment for his advantage, but that theory has been said to have an exception. *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). The Supreme Court's opinion in *Finn* stated in dicta that the exception applied and allowed a party to appeal when there was a depar-

---

1. Both Inland and Coastal filed third party claims against Dutton-Lainson, the manufacturer of the winch, but Burleson has never sought any relief against that company. Dutton-Lainson's motion for instructed verdict was sustained at the close of the evidence and neither Coastal nor Inland seeks relief against it on this appeal.

2. The district court opinion in *Fawvor,* supra, held that a plaintiff could assert a claim against a third-party defendant under Rule 14 Federal Rules of Civil Procedure even though the assertion of that claim destroyed complete diversity. 387 F.Supp. at 628.

ture by the court itself from its settled course of procedure. 341 U.S. at 18, 71 S.Ct. at 542, n. 18. The issue arose in the removal context. A Texas plaintiff had sued two insurance companies and an agent to recover for fire damage to her home. The insurance companies were citizens of Florida and Indiana but the insurance agent was also a Texan. The two insurance companies succeeded in removing the case to federal district court over the plaintiff's protests. The district court entered judgment against American Fire & Casualty Company and ordered that the plaintiffs take nothing from the Indiana company and the individual agent. American Fire & Casualty appealed the district court's denial of a motion to vacate the judgment and the Fifth Circuit affirmed on the ground that the causes of action against the insurance companies were separate and independent from that against the individual defendant and under 28 U.S.C. § 1441(c) the entire case was removable. The Supreme Court interpreted the removal statute differently and reversed. In doing so it noted first that American Fire & Casualty was not estopped to assert lack of jurisdiction despite its earlier request for removal and, second, that federal court jurisdiction could not be expanded by prior action of the parties or their consent. 341 U.S. at 18, 71 S.Ct. at 542.

In a footnote, the Court referred to *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462 (1884) as the source of an exception that allowed a party to appeal a favorable judgment. In *Mansfield* an Ohio partnership sued the railway company for breach of contract in an Ohio state court. The defendant railway company removed. The subsequent trial resulted in a verdict against the defendants.

On appeal, the Supreme Court held that the circuit court[3] had no jurisdiction to try the action because it appeared affirmatively from the removal petition that one of the plaintiffs was an Ohio citizen and that the defendants were Ohio citizens. The Court stated:

It is true that the plaintiffs below, against whose objection the error was committed, do not complain of being prejudiced by it, and it seems to be an anomaly and a hardship that the party at whose instance it was committed should be permitted to derive an advantage from it; but the rule, springing from the nature and limits of the judicial power of the United States, is inflexible and without exception which requires this court, of its own motion, to deny its own jurisdiction, and, in the exercise of its appellate power, that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record on which, in the exercise of that power, it is called to act. On every writ of error or appeal the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it.

.     .     .     .     .

In the *Dred Scott Case*, 19 How. 393–400, [15 L.Ed. 691,] it was decided that a judgment of the circuit court, upon the sufficiency of a plea in abatement, denying its jurisdiction, was open for review upon a writ of error sued out by the party in whose favor the plea had been overruled. And in this view Mr. Justice Curtis, in his dissenting opinion, concurred; and we

---

**3.** These circuit courts are not to be confused with present circuit courts. The Judiciary Act of 1789 created circuit courts which had appellate jurisdiction over district courts and some original, exclusive jurisdiction. The latter included exclusive jurisdiction over diversity cases removed from state courts. The circuit courts had jurisdiction only for the district in which they sat. *Toland v. Sprague*, 12 Pet. 300, 9 L.Ed. 1093 (1838). Originally the circuit court personnel consisted of two Justices of the Supreme Court and the district judge. By 1869 Congress had created a circuit judgeship in each of the existing circuits and provided that the circuit courts might be held by the circuit justice or circuit judge, or the district judge, sitting alone, or together. In practice the district judge was the most likely to hold the court. See 1 J. Moore, Federal Practice, ¶ 0.3[2].

adopt from that opinion the following statement of the law on the point: "It is true," he said, (19 How. 566), "as a general rule, that the court will not allow a party to rely on anything as cause for reversing a judgment which was for his advantage. In this we follow an ancient rule of the common law. But so careful was that law of the preservation of the course of its courts that it made an exception out of that general rule, and allowed a party to assign for error that which was for his advantage, if it were a departure by the court itself from its settled course of procedure. The cases on this subject are collected in Bac.Abr. "Error," H, 4. And this court followed this practice in *Capron v. Van Noorden,* 2 Cranch. 126, [2 L.Ed. 229,] *where the plaintiff below procured the reversal of a judgment for the defendant on the ground* that the plaintiff's allegations of citizenship had not shown jurisdiction. *But it is not necessary to determine whether the defendant can be allowed to assign want of jurisdiction as an error in a judgment in his own favor.* The true question is not what either of the parties may be allowed to do, but whether this court will affirm or reverse a judgment of the circuit court on the merits, when it appears on the record, by a plea to the jurisdiction, that it is a case to which the judicial power of the United States does not extend. The course of the court is, when no motion is made by either party, on its own motion, to reverse such a judgment for want of jurisdiction, not only in cases where it is shown, negatively, by a plea to the jurisdiction, that jurisdiction does not exist, but even when it does not appear, affirmatively, that it does exist. *Pequignot v. Pennsylvania R. Co.,* 16 How. 104, [14 L.Ed. 863.] It acts upon the principle that the judicial power of the United States must not be exerted in a case to which it does not extend, even if both parties desire to have it exerted. *Cutler v. Rae,* 7 How. 729, [12 L.Ed. 890.] I consider, therefore, that when there was a plea to the jurisdiction of the circuit court in a case brought here by a writ of error, the first duty of this court is, *sua sponte,* if not moved to it by either party, to examine the sufficiency of that plea, and thus to take care that neither the circuit court nor this court shall use the judicial power of the United States in a case to which the constitution and laws of the United States have not extended that power."

[emphasis added].

■ The difficulty with the exception expostulated in *Finn* is that in that case and those on which it relied, the party with the jurisdictional complaint on appeal was the loser in the court below. Indeed the full quotation from *Mansfield* shows that the court did not decide whether a party could appeal from a judgment in his favor solely on a jurisdictional issue. We think that the exception noted in *Finn* is in reality nothing more than a re-statement of the rule that a court notices jurisdictional defects on its own motion when there are properly appealing parties before it. That rule in no way erodes the notion that a party must be aggrieved to appeal.

■ We sincerely doubt that plaintiff Burleson has standing to appeal the decision in his favor and against Coastal. A federal court's jurisdiction may be invoked only when the plaintiff has suffered some threatened or actual injury. *See Data Processing Service v. Camp,* 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). Whether or not Burleson may appeal against Coastal, he suffered a take-nothing judgment against Inland and is, therefore, aggrieved in that portion of the judgment. Assuming that his appeal is proper, at least insofar as it relates to Inland, Burleson may raise the jurisdictional issue and *Fawvor, supra,* settles the defect in the lower court's jurisdiction. We must decide whether and how that defect may be corrected. Once again, our primary reference is to the *Finn* case, but we now focus on the second Fifth Circuit decision. *Finn v. American Fire & Casualty Co.,* 207 F.2d 113 (5 Cir.), *cert. denied,* 347 U.S. 912, 74 S.Ct. 476, 98 L.Ed. 1069 (1954).

The Supreme Court remanded *Finn* to the district court with directions to vacate the judgment entered and, if no further steps were taken by any party to affect its jurisdiction, to remand the case to state court. When the case was remanded to the district court, the plaintiff voluntarily dismissed the non-diverse party and sought judgment on the former verdict. The district court viewed the former trial as a nullity and denied that motion. On appeal, the Fifth Circuit held that the trial court's action was an abuse of discretion. The court said:

> ". . . [T]he first trial should be preserved in the absence of prejudice by reason of the joinder of the resident defendant. This court has already held that the first trial was free from error; and, apart from the jurisdictional matter, the Supreme Court did not disturb that holding. A new trial was not mandatory on jurisdictional grounds, and we see no reason why the presence of . . . [the non-diverse insurance agent] prejudiced the insurance company. . . . The Supreme Court limited its holding to the requirement that judgment could not be entered on the old verdict while [the non-diverse party] was a party. It did not foreclose such action after dismissal of the case as to him."

The distinction between the second *Finn* case and the present case is that in *Finn* the winning plaintiff voluntarily dismissed the non-diverse defendant, while in the present case the plaintiff Burleson who wishes to avoid the effect of the lower court judgment might conceivably wish not to perfect jurisdiction.

A rule that turned on the plaintiff's preference to perfect jurisdiction or not to do so seems to us patently absurd. Plaintiff Burleson chose his forum and, we assume, carefully litigated his case. That he recovered a relatively small sum for such serious injury may arouse sympathy, but it should not permit him a second day in court at the expense of the judicial system, especially if the trial below was error free. *Finn* says as much and we, sitting as a panel, are not entitled to overrule it.

■ A federal court always has the power to inquire into jurisdiction. *Butler v. Dexter,* 425 U.S. 262, 96 S.Ct. 1527, 47 L.Ed.2d 774 (1976); *Eastern Kentucky Welfare Rights Organization v. Simon,* 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1975); *State of Alabama ex rel. Baxley v. Woody,* 473 F.2d 10 (5 Cir. 1973); *Atlantic Las Olas, Inc. v. Joyner,* 466 F.2d 496 (5 Cir. 1972). In this circuit we have permitted parties who were not indispensable to be dropped from an action in order to achieve complete diversity either on the motion of the parties or on the court's own motion. *Ray v. Bird & Son,* 519 F.2d 1081, 1082 (5 Cir. 1975); *Brown v. Texas & P. Ry. Co.,* 392 F.Supp. 1120 (W.D.La.1975).[4] Clearly the district court has the power to dismiss the appellee Inland and to enter judgment against Coastal on the former verdict if the record is free from error.[5]

■ Burleson raised three points of error in this appeal. First he argued that the trial court's submission of the issues of mis-

---

4. We recognize that strictly speaking these cases establish a rule that an appellant may not predicate error on the district court's failure to drop a party on its own motion. Nevertheless, they do demonstrate the court's power to proceed without resort to a motion by one of the parties. See also 28 U.S.C. § 1653, infra. at n.5.

5. Other circuits have followed a rule that prevents an appellate court from ordering an amendment to perfect jurisdiction even though there is general agreement that such an amendment is permissible after judgment. See *International Ladies' Garment Workers' Union v. Donnelly Garment Co.,* 121 F.2d 561, 563 (8 Cir. 1941); *Dollar S.S. Lines v. Merz,* 68 F.2d 594, 597 (9 Cir. 1968). The rule of these cases does not, however, bind us and we are convinced that a remand to the district court on a record free from error is not in keeping with our decision in the second *Finn* case. There is no dispute that post-judgment amendment is permissible. See 28 U.S.C. § 1653. The problem is solely one of whether we will order the amendment ourselves or send the case back for the district court to decide whether a new trial is necessary. On the facts and circumstances before us we conclude that any decision to order a new trial would be an abuse of discretion and that we should instruct the district court to enter judgment on the former verdict.

use and assumption of the risk was erroneous. If there were errors in those submissions they are rendered harmless by the fact that the jury found that the product was not defective. Under Texas law, defectiveness is an integral part of the plaintiff's prima facie case when he seeks to recover on a theory of strict liability. *Henderson v. Ford Motor Co.,* 519 S.W.2d 87 (Tex.1975); *Shamrock Fuel & Oil Sales Co. v. Tunks,* 416 S.W.2d 779 (Tex.1967); *McKisson v. Sales Affiliates, Inc.,* 416 S.W.2d 787 (Tex. 1967). *See also* Restatement of Torts § 402A. Because the plaintiff Burleson failed to make out a prima facie case of strict liability we need not concern ourselves with error, if any, related to affirmative defenses to such a cause of action.

■ Burleson also argues that it was error for the trial court to permit an independent stipulation by Coastal that it would assume Inland's 10% negligence. The Texas Comparative Negligence Statute, Tex. Rev.Civ.Stat.Ann. Art. 2212a states:

> (b) In a case in which there is more than one defendant, and the claimant's negligence does not exceed the total negligence of all defendants, contribution to the damages awarded to the claimant shall be in proportion to the percentage of negligence attributable to each defendant.

> (c) Each defendant is jointly and severally liable for the entire amount of the judgment awarded the claimant, except that a defendant whose negligence is less than that of the claimant is liable to the claimant only for that portion of the judgment which represents the percentage of negligence attributable to him.

Plaintiff Burleson was damaged $30,000. He was 45% negligent, Coastal was 45% negligent and Inland was 10% negligent. If both Coastal and Inland had been liable they would have contributed proportionately to permit Burleson to recover 55% of his damages or $16,500. Inland, however, was not liable because the jury found that its negligence was not the proximate cause of Burleson's injury. Coastal, on the other hand, was not only liable but was, under section (c) of the statute, jointly and severally liable to Burleson. Coastal's negligence was equal to that of Burleson's. To escape statutory joint and several liability a defendant's negligence must be less than a plaintiff's. Tex.Rev.Civ.Stat.Ann. Art. 2212a, § 2(c). *See* Comment, Comparative Negligence in Texas, 11 Houston L.Rev. 101 (1973). Under these circumstances there was no error in permitting the stipulation.

Because there was no error demonstrated in the trial below, we apply the rule of *Finn* to this case. The judgment against Coastal is affirmed. Appellee Inland is ordered dismissed. Costs of the appeal are to be taxed against the plaintiff-appellant Burleson. Rule 30 Fed.R. Appellate Procedure.

AFFIRMED and DISMISSED.