NO. 07-06-0347-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 6, 2006



______________________________




KENNETH FELIX GOMEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B16726-0603; HONORABLE EL SELF, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

 MEMORANDUM OPINION


 Following a plea of guilty, appellant Kenneth Felix Gomez was convicted of evading
arrest or detention, enhanced, and punishment was assessed at fifteen years confinement. 
Sentence was imposed on June 9, 2006, and no motion for new trial was filed. On August
9, 2006, proceeding pro se, appellant filed a notice of appeal in this Court. (1)

 A defendant must file a written notice of appeal with the trial court clerk within thirty
days after the date sentence is imposed. Tex. R. App. P. 25.2(c) & 26.2(a)(1). The Rules
of Appellate Procedure provide for a fifteen day extension in which to file the notice of
appeal if it is accompanied by a motion for extension of time. Tex. R. App. P. 26.3 &
10.5(b)(2). This Court is without jurisdiction to address the merits of an appeal and can take
no action other than to dismiss if an appeal is not timely perfected. See Slaton v. State, 981
S.W.2d 208, 210 (Tex.Cr.App. 1998).

 Appellant's deadline for filing a timely notice of appeal was Monday, July 10, 2006. (2) 
The notice mistakenly filed here on August 9, 2006, does not invoke our jurisdiction.

 Accordingly, the purported appeal is dismissed for want of jurisdiction.

 Don H. Reavis

 Justice



Do not publish.
1. Rule 25.2(c)(1) of the Texas Rules of Appellate Procedure requires a notice of
appeal in a civil case to be filed with the trial court clerk. Although Rule 25.1(a) provides
that a notice mistakenly filed in this Court is deemed to have been filed the same day with
the trial court clerk, there is no such provision for criminal cases.
2. The thirty day deadline expired on July 9, 2006, which fell on a Sunday, extending
the deadline to the next day. See Tex. R. App. P. 4.1(a).



rmat="true" Name="heading 5"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-00296-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



MARCH
29, 2011

 



 

DAVID W. BERGIN, ET UX, ERIN BERGIN, INDIVIDUALLY AND AS NEXT FRIENDS OF
JOHN DAVID BERGIN AND LAUREN BERGIN, MINORS, APPELLANTS

 

v.

 

TEXAS BEEF GROUP, APPELLEE 



 



 

 FROM THE 251ST DISTRICT COURT OF
RANDALL COUNTY;

 

NO. 41,330-C; HONORABLE ANA ESTEVEZ, JUDGE



 



 

Before CAMPBELL
and HANCOCK, JJ., and BOYD, S.J.[1]

 

 

OPINION

 

Appellee Texas Beef Group, a general
partnership, sued appellants David W. Bergin and Erin Bergin[2]
in Randall County for a declaration that a threatened nuisance action by the Bergins was barred by a statute of repose.  The Bergins filed a
motion to transfer venue of the case to Hansford County.  The trial court denied the motion and later
rendered a summary judgment declaring the relief Texas Beef requested.  Finding the record presents no evidence venue
properly lies in Randall County and some evidence venue properly lies in
Hansford County, we will reverse the judgment of the trial court and remand the
case to the trial court with instructions to transfer the case to Hansford
County.

Background

Texas Beef operates Palo Duro Feedlot ten miles south of Gruver in Hansford
County.  The Bergins
lived two miles north of the feedlot from 1988 until the summer of 1995 when
they moved to Gruver.  According to Texas
Beef, the Bergins began complaining of dust and other
emissions produced by the feedlot in 1988. 
On May 4, 1995, after it received three letters from the Bergins, Texas Beef filed suit against them in Randall
County seeking a judgment declaring the Bergins
claims were barred by §§ 251.001-251.005 of the Texas Agriculture Code.[3]  Attached to the pleading were the three
letters addressed to Texas Beef, one in February 1995 from David Bergin and two
in April from the Bergins attorney.  The letters discussed the Bergins
claims of injury caused by the emissions from the feedlot, using the term
nuisance, and expressed their willingness to seek relief from state agencies
or in court if necessary.  The third
letter contained an offer of settlement. 


The Bergins
filed suit against Texas Beef in the 84th Judicial District Court of Hansford
County on June 8, 1995.  By their
pleading, the Bergins alleged damages proximately
caused by the failure of Texas Beef to maintain, monitor, and control the
emissions discharged daily from the feedlot. 
On a plea in abatement filed by Texas Beef, the Hansford County district
court abated the Bergins suit awaiting disposition
of the Randall County suit.

Also in June 1995, with their
original answer, the Bergins filed a motion to
transfer venue of the Randall County suit to Hansford County.  Attached to the motion was the affidavit of
David Bergin that included the statement emissions from the feedlot caused him
and his family to vacate our family homestead and move to Gruver.  In its response, Texas Beef included the
affidavit of one of its partners.  Among
other things, he stated that the Bergins, through the
previously mentioned correspondence, threatened litigation.  Texas Beef received the correspondence in
Randall County and it was circulated among its partners, who largely resided in
Randall County.  By order signed August
23, 1995, the trial court denied the Bergins motion
to transfer venue.  

In September 1995, Texas Beef filed
its live petition.  In material part,
this pleading alleged:

[Texas Beef] operates a cattle feedlot approximately ten (10) miles
south of Gruver, Hansford County, Texas. 
[The Bergins] own property approximately 2.0
miles north of [Texas Beefs] feedlot. 
[The Bergins] have asserted claims against
[Texas Beef] and have filed a lawsuit against [Texas Beef], based on
allegations concerning such feedlot, all in the manner described and prohibited
in Sections 251.001-251.005, Texas Agriculture Code.

[The Bergins have retained counsel and caused
to be delivered to [Texas Beef] in Randall County certain correspondence
describing their claims, seeking monetary damages and threatening legal action
against [Texas Beef] based on allegations that [Texas Beefs] operation caused,
and will continue to cause, nuisance conditions at their property . . . .

[Texas Beef] seeks a declaratory judgment that (a) the actions
threatened by the Bergins and the action brought by
the Bergins in Hansford County complaining of
airborne dust are nuisance actions within the meaning of Section 251.005
(sic) of the Texas Agriculture Code; (b) the Bergins
(sic) are barred from bringing a nuisance action against [Texas Beef] based in
whole or in part on airborne dust generated in the operation of the [feedlot];
and (c) that so long as [Texas Beef] continues its operations with respect to
the generation and control of dust in substantially the same manner as they are
conducted at this time, the Bergins are barred from
bringing a nuisance action against [Texas Beef] based upon dust generated in
the operation of the [feedlot].

            Texas Beef also filed a motion for summary judgment in
September 1995, requesting the three declarations specified by its live
petition.  Among other proof, Texas Beef
offered the affidavit of its former feedlot manager.  He averred [a]ny circumstances and conditions of which the Bergins are complaining have existed substantially
unchanged since 1987, except to the extent the conditions have been improved by
[the feedlots] dust control efforts.

            The
Bergins filed motions for summary judgment in 1998
and 1999.  For reasons not germane to the
disposition of this appeal, a final summary judgment denying the Bergins motions for summary judgment and granting Texas
Beef the declaratory relief it requested was not signed until July 8,
2009.  In the judgment, the trial court
declared that threatened and pending actions by the Bergins
against Texas Beef were nuisance actions and the Bergins
were barred from bringing any nuisance action related to the operation of the
feedlot against Texas Beef Group.  The Bergins motion for new trial was apparently overruled by
operation of law and this appeal followed. 


 

Analysis

Review of a trial courts venue
determination is governed by § 15.064(b) of the Civil Practice and Remedies
Code.  Tex. Civ. Prac. & Rem. Code Ann. §
15.064(b) (West 2002).  According
to the statute, improper venue cannot be harmless error but is reversible
error.  In determining whether venue was
improper, we must consider the entire record. 
If there is any probative evidence in the record indicating that venue
was proper in the county where judgment was rendered, we must uphold the trial
courts determination, even if the preponderance of the evidence is to the
contrary.  Ruiz v. Conoco, Inc., 868 S.W.2d 752,
758 (Tex. 1993).  If no evidence
supports the venue determination, the judgment must be reversed and the cause
remanded to the trial court.  Id. 
If the record contains evidence that venue was proper in the county to
which transfer was sought, we are to instruct the trial court to transfer the
case to that county.  Id.; Russell v. Panhandle Producing Co.,
975 S.W.2d 702, 710 (Tex.App.--Amarillo 1998, no
pet.).

Section 251.004(a) of the Agriculture
Code provides, in relevant part:

No nuisance action may be brought against an agricultural operation
that has lawfully been in operation for one year or more prior to the date on
which the action is brought, if the conditions or circumstances complained of
as constituting the basis for the nuisance action have existed substantially
unchanged since the established date of operation.

 

Tex. Agric. Code
Ann. § 251.004(a) (West 2004).  An agricultural
operation includes raising or keeping livestock.  Tex. Agric. Code Ann. § 251.002(1)(H) (West Supp. 2010). 
The established date of operation of an agricultural operation is the
date it commenced operation; if an operations physical facilities are later
expanded, a separate established date of operation may apply to the
expansion.  Tex. Agric.
Code Ann. § 251.003 (West 2004).  
As the Texas Supreme Court has described it, the bar of § 251.004
applies on proof of two conditions: (1) the agricultural operation was in
business lawfully for more than a year before the nuisance action was filed;
and (2) the conditions and circumstances complained of as constituting the
basis for the nuisance action have existed substantially unchanged since
then. Holubec v. Brandenberger,
111 S.W.3d 32, 38 (Tex. 2003); see Aguilar v. Trujillo, 162 S.W.3d 839,
853-54 (Tex.App.--El Paso 2005, pet. denied) (also
applying § 251.004). 

            An
action for declaratory judgment is governed by the general venue rules for
civil actions.  Bonham State Bank v. Beadle, 907 S.W.2d
465, 471 (Tex. 1995).  No
mandatory or permissive venue statute controls the relief Texas Beef
sought.  The version of the general venue
statute in place at the time the Randall County suit was filed placed venue in
the county in which all or part of the cause of action accrued or in the county
of defendants residence . . . .  Act of
May 18, 1995, 74th Leg., R.S., ch. 138, § 1, 1995
Tex. Gen. Laws 978 (amended 1995) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1)
(West 2002)) (formerly Tex. Civ. Prac. & Rem.
Code Ann. § 15.001).  It is undisputed
that at all pertinent times the Bergins resided in
Hansford County; venue thus was proper in Randall County only if all or part of
the cause of action asserted by Texas Beef accrued there.  

As venue facts, Texas Beef relies on
those that most of its partners reside in Randall County and so received, in
Randall County, the Bergins February and April 1995
correspondence threatening a nuisance suit.[4]  Texas Beef points on appeal to Universal Amusement Co. v. Vance, 404 F.
Supp. 33 (S.D. Tex. 1975), vacated sub
nom. Butler v. Dexter, 425 U.S. 262, 96 S.Ct.
1527, 47 L.Ed.2d 774 (1976) (per curiam), in which
the court found a threat of prosecution of an adult movie theater under a
nuisance statute presented an actual controversy sufficient to allow the court
to consider the theaters requested declaratory relief.  Id. at 38.  Vance does not deal with venue, and does
not aid our resolution of the issue. 
More importantly, however, Texas Beefs argument confuses the existence
of an actual controversy with the accrual of a cause of action.  See
Alliance Life Ins. Co. v. Ulysses Vol.
Firemans Relief Assn, 215 Kan. 937, 939-42, 529
P.2d 171, 174-76 (1974) (similarly distinguishing existence of controversy with
arising of cause of action, in declaratory judgment action).

            The
proper analysis of the issue is that conducted by the Texas Supreme Court in Bonham State Bank v. Beadle.  There, the court considered a venue dispute
in a declaratory judgment action in which venue was governed, like in this
case, by the general venue statute prior to its amendment in 1995.  907 S.W.2d at 471.  The bank sought a declaratory judgment that
it was entitled to offset an adverse $75,000 judgment against a larger judgment
awarded the bank in related litigation.  Id. at 467.  Addressing the venue provision asking where
the cause of action accrued, the Supreme Court found, The only element of a
cause of action for offsetting two or more mutual judgments is the rendition of
those judgments.  Accordingly, a cause of
action or a part thereof accrued in a county where either of the judgments was
rendered . . . .  Id. at 471.  

The courts approach in Beadle is consistent with other cases in
which courts have determined the primary purpose of cases filed as declaratory
judgments when resolving venue disputes. 
See In re Applied Chem. Magnesias Corp., 206 S.W.3d 114, 119 (Tex. 2006)
(finding essence of dispute in suit filed as declaratory judgment); Renwar Oil Corp. v. Lancaster, 154 Tex. 311,
276 S.W.2d 774, 776 (1955) (court discerned controlling issue in suit for
declaratory judgment to resolve plea of privilege appeal).  Venue in a case brought under the Uniform
Declaratory Judgments Act has been said to be controlled by the nature and
dominant purpose of the suit, as shown by the petition.  Garrison v. Morrow, 300 S.W.2d 175, 177 (Tex.Civ.App.--Beaumont
1957, writ dismd w.o.j.)
(quoting McCurdy
v. Morgan, 252 S.W.2d 264, 266 (Tex.Civ.App.--San
Antonio 1952, no writ)). 

Reviewing the record for evidence
that the cause of action Texas Beef asserted in the Randall County suit
accrued there,[5] we
note that a cause of action embraces every fact necessary to be shown in order
to recover.  Commercial State Bank v. Algeo,
331 S.W.2d 84 (Tex.Civ.App.--Eastland 1959, writ
dismissed).  Summarized, the proof
required for Texas Beef to obtain its requested declaratory relief was that the
feedlot located in Hansford County was an agricultural operation as defined by
Agriculture Code § 251.002(1); that it was lawfully in operation one year or
more; and that the feedlot conditions the Bergins
alleged caused a nuisance existed substantially unchanged since the established
date of operation according to Agriculture Code § 251.003.  See Holubec, 111 S.W.3d at 38. 

The declaratory relief Texas Beef
sought was not an abstract, academic construction of sections of the
Agriculture Code.  Rather, it requested a
judgment characterizing the particular actions threatened by the Bergins and the action the Bergins
brought in Hansford County as nuisance actions subject to the repose of §
251.004, and declaring the Bergins barred from
bringing a nuisance action predicated on airborne dust emissions from the
feedlot, at the present and so long as the feedlots operations with respect
to the generation and control of dust are continued in substantially the same
manner.

We are at a loss to see any evidence
that venue for such an action was proper in Randall County under the former
general venue statute applicable here. 
No event necessary to the establishment of the affirmative defense of §
251.004 with respect to the Bergins assertion of a
nuisance claim because of dust from the feedlot occurred in Randall
County.  The receipt in Randall County,
whether by Texas Beef or its partners, of correspondence referencing the
ongoing disagreement between the Bergins and Texas
Beef over dust from the Hansford County feedlot is irrelevant to establishment
of the affirmative defense of repose. Further, the record presents more than a
scintilla of evidence that venue properly lies in Hansford County.  The trial court erred in failing to sustain
the Bergins motion to transfer venue to Hansford
County.

Having determined it was error to
deny the Bergins motion to transfer venue, we do not
address their remaining issues.  We
reverse the judgment of the trial court and remand the case with instructions
to transfer venue of the case from Randall County to Hansford County. 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

            








 











[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of
Appeals, sitting by assignment.  

 





[2] The Bergins, husband and
wife, were made defendants individually and as next friends of their two minor
children.

 





[3] Tex. Agric. Code Ann. §§
251.001-251.005 (West 2004 & Supp. 2010).  Section 241.004(a) was the basis for Texas
Beefs allegation that Bergins nuisance claim was
barred.  





[4] The correspondence was addressed to one of Texas
Beefs partners at a post office box in Amarillo.  The Bergins
contended in the trial court that the box actually is in Potter County.  The issue is inconsequential to this opinion.


 





[5]  A statute of
repose is an affirmative defense.  Ryland Group, Inc. v. Hood,
924 S.W.2d 120, 121 (Tex. 1996). 
Texas Beefs suit actually thus sought to establish the applicability of
an affirmative defense to threatened, pending and possible future causes of
action asserted or to be asserted by the Bergins.  We recognize that an affirmative defense is
not a cause of action, but the distinction does not call for our application of
an analysis different from that used in Beadle.