NO. 07-09-00296-CV
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL E
 
--------------------------------------------------------------------------------
MARCH 29, 2011
--------------------------------------------------------------------------------

 
DAVID W. BERGIN, ET UX, ERIN BERGIN, INDIVIDUALLY AND AS NEXT FRIENDS OF JOHN DAVID BERGIN AND LAUREN BERGIN, MINORS, APPELLANTS
 
 v.
 
 TEXAS BEEF GROUP, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;
 
 NO. 41,330-C; HONORABLE ANA ESTEVEZ, JUDGE
--------------------------------------------------------------------------------

Before CAMPBELL and HANCOCK, JJ., and BOYD, S.J.

 OPINION
 
Appellee Texas Beef Group, a general partnership, sued appellants David W. Bergin and Erin Bergin in Randall County for a declaration that a threatened nuisance action by the Bergins was barred by a statute of repose. The Bergins filed a motion to transfer venue of the case to Hansford County. The trial court denied the motion and later rendered a summary judgment declaring the relief Texas Beef requested. Finding the record presents no evidence venue properly lies in Randall County and some evidence venue properly lies in Hansford County, we will reverse the judgment of the trial court and remand the case to the trial court with instructions to transfer the case to Hansford County.
 Background
Texas Beef operates Palo Duro Feedlot ten miles south of Gruver in Hansford County. The Bergins lived two miles north of the feedlot from 1988 until the summer of 1995 when they moved to Gruver. According to Texas Beef, the Bergins began complaining of dust and other emissions produced by the feedlot in 1988. On May 4, 1995, after it received three letters from the Bergins, Texas Beef filed suit against them in Randall County seeking a judgment declaring the Bergins' claims were barred by §§ 251.001-251.005 of the Texas Agriculture Code. Attached to the pleading were the three letters addressed to Texas Beef, one in February 1995 from David Bergin and two in April from the Bergins' attorney. The letters discussed the Bergins' claims of injury caused by the emissions from the feedlot, using the term "nuisance," and expressed their willingness to seek relief from state agencies or in court if necessary. The third letter contained an offer of settlement. 
The Bergins filed suit against Texas Beef in the 84th Judicial District Court of Hansford County on June 8, 1995. By their pleading, the Bergins alleged damages proximately caused by the failure of Texas Beef to "maintain, monitor, and control the emissions discharged daily from" the feedlot. On a plea in abatement filed by Texas Beef, the Hansford County district court abated the Bergins' suit awaiting disposition of the Randall County suit.
Also in June 1995, with their original answer, the Bergins filed a motion to transfer venue of the Randall County suit to Hansford County. Attached to the motion was the affidavit of David Bergin that included the statement emissions from the feedlot caused him and his family to "vacate our family homestead" and move to Gruver. In its response, Texas Beef included the affidavit of one of its partners. Among other things, he stated that the Bergins, through the previously mentioned correspondence, threatened litigation. Texas Beef received the correspondence in Randall County and it was circulated among its partners, who largely resided in Randall County. By order signed August 23, 1995, the trial court denied the Bergins' motion to transfer venue. 
In September 1995, Texas Beef filed its live petition. In material part, this pleading alleged:
[Texas Beef] operates a cattle feedlot approximately ten (10) miles south of Gruver, Hansford County, Texas. [The Bergins] own property approximately 2.0 miles north of [Texas Beef's] feedlot. [The Bergins] have asserted claims against [Texas Beef] and have filed a lawsuit against [Texas Beef], based on allegations concerning such feedlot, all in the manner described and prohibited in Sections 251.001-251.005, Texas Agriculture Code.
[The Bergins have retained counsel and caused to be delivered to [Texas Beef] in Randall County certain correspondence describing their claims, seeking monetary damages and threatening legal action against [Texas Beef] based on allegations that [Texas Beef's] operation caused, and will continue to cause, nuisance conditions at their property . . . .
[Texas Beef] seeks a declaratory judgment that (a) the actions threatened by the Bergins and the action brought by the Bergins in Hansford County complaining of airborne dust are "nuisance actions" within the meaning of Section 251.005 (sic) of the Texas Agriculture Code; (b) the Bergins' (sic) are barred from bringing a nuisance action against [Texas Beef] based in whole or in part on airborne dust generated in the operation of the [feedlot]; and (c) that so long as [Texas Beef] continues its operations with respect to the generation and control of dust in substantially the same manner as they are conducted at this time, the Bergins are barred from bringing a "nuisance action" against [Texas Beef] based upon dust generated in the operation of the [feedlot].
 Texas Beef also filed a motion for summary judgment in September 1995, requesting the three declarations specified by its live petition. Among other proof, Texas Beef offered the affidavit of its former feedlot manager. He averred "[a]ny circumstances and conditions of which the Bergins are complaining have existed substantially unchanged since 1987, except to the extent the conditions have been improved by [the feedlot's] dust control efforts."
 The Bergins filed motions for summary judgment in 1998 and 1999. For reasons not germane to the disposition of this appeal, a final summary judgment denying the Bergins' motions for summary judgment and granting Texas Beef the declaratory relief it requested was not signed until July 8, 2009. In the judgment, the trial court declared that threatened and pending actions by the Bergins against Texas Beef were nuisance actions and the Bergins were barred from bringing "any nuisance action" related to the operation of the feedlot against Texas Beef Group. The Bergins' motion for new trial was apparently overruled by operation of law and this appeal followed. 
 
 Analysis
Review of a trial court's venue determination is governed by § 15.064(b) of the Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. § 15.064(b) (West 2002). According to the statute, improper venue cannot be harmless error but is reversible error. In determining whether venue was improper, we must consider the entire record. If there is any probative evidence in the record indicating that venue was proper in the county where judgment was rendered, we must uphold the trial court's determination, even if the preponderance of the evidence is to the contrary. Ruiz v. Conoco, Inc., 868 S.W.2d 752, 758 (Tex. 1993). If no evidence supports the venue determination, the judgment must be reversed and the cause remanded to the trial court. Id. If the record contains evidence that venue was proper in the county to which transfer was sought, we are to instruct the trial court to transfer the case to that county. Id.; Russell v. Panhandle Producing Co., 975 S.W.2d 702, 710 (Tex.App.--Amarillo 1998, no pet.).
Section 251.004(a) of the Agriculture Code provides, in relevant part:
No nuisance action may be brought against an agricultural operation that has lawfully been in operation for one year or more prior to the date on which the action is brought, if the conditions or circumstances complained of as constituting the basis for the nuisance action have existed substantially unchanged since the established date of operation.

Tex. Agric. Code Ann. § 251.004(a) (West 2004). An "agricultural operation" includes "raising or keeping livestock." Tex. Agric. Code Ann. § 251.002(1)(H) (West Supp. 2010). The "established date of operation" of an agricultural operation is the date it commenced operation; if an operation's physical facilities are later expanded, a separate "established date of operation" may apply to the expansion. Tex. Agric. Code Ann. § 251.003 (West 2004). As the Texas Supreme Court has described it, the bar of § 251.004 "applies on proof of two conditions: (1) the agricultural operation was in business lawfully for more than a year before the nuisance action was filed; and (2) the `conditions and circumstances complained of as constituting the basis for the nuisance action have existed substantially unchanged' since then." Holubec v. Brandenberger, 111 S.W.3d 32, 38 (Tex. 2003); see Aguilar v. Trujillo, 162 S.W.3d 839, 853-54 (Tex.App.--El Paso 2005, pet. denied) (also applying § 251.004). 
 An action for declaratory judgment is governed by the general venue rules for civil actions. Bonham State Bank v. Beadle, 907 S.W.2d 465, 471 (Tex. 1995). No mandatory or permissive venue statute controls the relief Texas Beef sought. The version of the general venue statute in place at the time the Randall County suit was filed placed venue "in the county in which all or part of the cause of action accrued or in the county of defendant's residence . . . ." Act of May 18, 1995, 74th Leg., R.S., ch. 138, § 1, 1995 Tex. Gen. Laws 978 (amended 1995) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1) (West 2002)) (formerly Tex. Civ. Prac. & Rem. Code Ann. § 15.001). It is undisputed that at all pertinent times the Bergins resided in Hansford County; venue thus was proper in Randall County only if all or part of the cause of action asserted by Texas Beef accrued there. 
As venue facts, Texas Beef relies on those that most of its partners reside in Randall County and so received, in Randall County, the Bergins' February and April 1995 correspondence threatening a nuisance suit. Texas Beef points on appeal to Universal Amusement Co. v. Vance, 404 F. Supp. 33 (S.D. Tex. 1975), vacated sub nom. Butler v. Dexter, 425 U.S. 262, 96 S.Ct. 1527, 47 L.Ed.2d 774 (1976) (per curiam), in which the court found a threat of prosecution of an adult movie theater under a nuisance statute presented an actual controversy sufficient to allow the court to consider the theater's requested declaratory relief. Id. at 38. Vance does not deal with venue, and does not aid our resolution of the issue. More importantly, however, Texas Beef's argument confuses the existence of an actual controversy with the accrual of a cause of action. See Alliance Life Ins. Co. v. Ulysses Vol. Fireman's Relief Ass'n, 215 Kan. 937, 939-42, 529 P.2d 171, 174-76 (1974) (similarly distinguishing existence of controversy with arising of cause of action, in declaratory judgment action).
 The proper analysis of the issue is that conducted by the Texas Supreme Court in Bonham State Bank v. Beadle. There, the court considered a venue dispute in a declaratory judgment action in which venue was governed, like in this case, by the general venue statute prior to its amendment in 1995. 907 S.W.2d at 471. The bank sought a declaratory judgment that it was entitled to offset an adverse $75,000 judgment against a larger judgment awarded the bank in related litigation. Id. at 467. Addressing the venue provision asking where the cause of action accrued, the Supreme Court found, "The only element of a cause of action for offsetting two or more mutual judgments is the rendition of those judgments. Accordingly, a cause of action or a part thereof accrued in a county where either of the judgments was rendered . . . ." Id. at 471. 
The court's approach in Beadle is consistent with other cases in which courts have determined the primary purpose of cases filed as declaratory judgments when resolving venue disputes. See In re Applied Chem. Magnesias Corp., 206 S.W.3d 114, 119 (Tex. 2006) (finding "essence" of dispute in suit filed as declaratory judgment); Renwar Oil Corp. v. Lancaster, 154 Tex. 311, 276 S.W.2d 774, 776 (1955) (court discerned "controlling issue" in suit for declaratory judgment to resolve plea of privilege appeal). Venue in a case brought under the Uniform Declaratory Judgments Act has been said to be controlled by the "nature and dominant purpose of the suit, as shown by the petition." Garrison v. Morrow, 300 S.W.2d 175, 177 (Tex.Civ.App.--Beaumont 1957, writ dism'd w.o.j.) (quoting McCurdy v. Morgan, 252 S.W.2d 264, 266 (Tex.Civ.App.--San Antonio 1952, no writ)). 
Reviewing the record for evidence that the "cause of action" Texas Beef asserted in the Randall County suit accrued there, we note that a cause of action embraces every fact necessary to be shown in order to recover. Commercial State Bank v. Algeo, 331 S.W.2d 84 (Tex.Civ.App.--Eastland 1959, writ dismissed). Summarized, the proof required for Texas Beef to obtain its requested declaratory relief was that the feedlot located in Hansford County was an agricultural operation as defined by Agriculture Code § 251.002(1); that it was lawfully in operation one year or more; and that the feedlot conditions the Bergins alleged caused a nuisance existed substantially unchanged since the established date of operation according to Agriculture Code § 251.003. See Holubec, 111 S.W.3d at 38. 
The declaratory relief Texas Beef sought was not an abstract, academic construction of sections of the Agriculture Code. Rather, it requested a judgment characterizing the particular actions threatened by the Bergins and the action the Bergins brought in Hansford County as nuisance actions subject to the repose of § 251.004, and declaring the Bergins barred from bringing a nuisance action predicated on airborne dust emissions from the feedlot, at the present and so long as the feedlot's operations "with respect to the generation and control of dust" are continued in substantially the same manner.
We are at a loss to see any evidence that venue for such an action was proper in Randall County under the former general venue statute applicable here. No event necessary to the establishment of the affirmative defense of § 251.004 with respect to the Bergins' assertion of a nuisance claim because of dust from the feedlot occurred in Randall County. The receipt in Randall County, whether by Texas Beef or its partners, of correspondence referencing the ongoing disagreement between the Bergins and Texas Beef over dust from the Hansford County feedlot is irrelevant to establishment of the affirmative defense of repose. Further, the record presents more than a scintilla of evidence that venue properly lies in Hansford County. The trial court erred in failing to sustain the Bergins' motion to transfer venue to Hansford County.
Having determined it was error to deny the Bergins' motion to transfer venue, we do not address their remaining issues. We reverse the judgment of the trial court and remand the case with instructions to transfer venue of the case from Randall County to Hansford County. 

 James T. Campbell
 Justice