**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY FRISBY, PKA G-Money,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>SONY MUSIC ENTERTAINMENT,<br>DBA RCA Records, a Delaware general<br>partnership; et al.,<br><br>    Defendants-Appellees,<br><br>and<br><br>CORTEZ BRYANT, an individual; et al.,<br><br>    Defendants. | Nos.  21-55586<br>        21-55587<br><br>D.C. Nos.<br>2:19-cv-01712-GW-AGR<br>2:19-cv-04167-GW-AGR<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted May 19, 2022[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: OWENS and BRESS, Circuit Judges, and FITZWATER,*** District Judge.

Plaintiff-Appellant Gary Frisby ("Frisby") appeals the district court's order granting summary judgment to Defendants on his sound recording and musical composition copyright infringement claims based on his beat track, *Shawty So Cold* ("*Shawty*"). He also appeals the denial of his motion for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b) of the judgment dismissing his sound recording copyright infringement claim. Frisby alleges that Defendants-Appellees Sony Music Entertainment, Bryson Tiller, and Michael Hernandez are liable for copyright infringement based on their involvement with the platinum-selling hip-hop song, *Exchange*, which Frisby maintains copies key parts of *Shawty*.

Frisby asserted these claims in two separate lawsuits. The first—based on his sound recording copyright infringement claim—was docketed in the district court as Civil Action No. 2:19-cv-01712-GW-AGR (the "1712 Action"). The second—filed later and based on his musical composition copyright infringement claim—was docketed in the district court as Civil Action No. 2:19-cv-04167-GW-AGR (the "4167 Action"). We have jurisdiction under 28 U.S.C. § 1291 over the appeal of the judgment of dismissal entered in the 1712 Action and the denial of Frisby's motion

---

*** The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

for reconsideration filed in that action. We lack jurisdiction over the appeal of the judgment of dismissal entered in the 4167 Action, for which no notice of appeal was filed. We affirm in part and dismiss in part.[1]

We review de novo whether we have subject matter jurisdiction over Frisby's appeals. *FMC Med. Plan v. Owens*, 122 F.3d 1258, 1260 (9th Cir. 1997). We review a grant of summary judgment de novo, *Sandoval v. County of Sonoma*, 912 F.3d 509, 515 (9th Cir. 2018), and the denial of a motion under Rule 59(e) or 60(b) for abuse of discretion, *Ta Chong Bank Ltd. v. Hitachi High Technologies America, Inc.*, 610 F.3d 1063, 1066 (9th Cir. 2010); *Lemoge v. United States*, 587 F.3d 1188, 1191-92 (9th Cir. 2009).

1.      We lack jurisdiction over Frisby's appeal of the judgment dismissing his musical composition copyright infringement claim asserted in the 4167 Action because Frisby did not file a notice of appeal from that judgment. *See United States v. Arevalo*, 408 F.3d 1233, 1236 (9th Cir. 2005) ("[F]ailure to file a timely or effective notice of appeal renders us without jurisdiction to consider the merits of the petitioner's claims.").

---

[1] We grant Defendants-Appellees' Motion to Take Judicial Notice of documents in other proceedings.

We deny Frisby's Motion to Take Judicial Notice because the subject documents are already part of the record on appeal, are duplicative of Defendants-Appellees' request, or are irrelevant to the jurisdictional question.

Frisby did file notices of appeal in the 1712 Action from the judgment dismissing his sound recording copyright infringement claim and the order denying his motion for reconsideration. But the notices of appeal filed in the 1712 Action do not confer jurisdiction on this court to consider Frisby's appeal of the separate judgment entered in the 4167 Action. Although the district court consolidated the two cases for pretrial purposes, the two actions remained "constituent cases [that] retain[ed] their separate identities." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018).[2] The Supreme Court has instructed that each case must be considered separately to determine whether a court has jurisdiction to consider the case's merits. *Id.* at 1130-31. The Supreme Court has thus "dismissed an appeal because the constitutional question that supplied [its] jurisdiction had been raised not in the case before [it], but instead only in other cases with which it had been consolidated." *Id.* at 1130 (citing *Butler v. Dexter,* 425 U.S. 262, 266-267 (1976) (per curiam)).

We therefore dismiss Frisby's purported appeal from the judgment in the 4167 Action.

2.      The district court did not err in denying Frisby's motion for

---

[2] The limited scope of the consolidation is confirmed by the district court's entry of a separate judgment of dismissal in each case.

reconsideration in the 1712 Action.[3]

Frisby fails to raise on appeal arguments raised in his motion for reconsideration and otherwise fails specifically and distinctly to challenge the denial of his motion for reconsideration. *See Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 485 (9th Cir. 2010) ("We review only issues [that] are argued specifically and distinctly in a party's opening brief." (alteration in original) (quoting *Brownfield v. City of Yakima*, 612 F.3d 1140, 1149 n.4 (9th Cir. 2010))); *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

To the extent that Frisby's arguments are not waived, his challenge to the denial of his motion for reconsideration fails because he presented arguments that he had already raised (or could have raised) in his opposition to Defendants-Appellees' motion for summary judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) ("The motion [under Rule 59(e)]was properly denied here because . . . it presented no arguments that had not already been raised in opposition to summary judgment."). Moreover, it is not an abuse of discretion for a district court to deny a motion for reconsideration that is based on grounds that are only belatedly raised after

---

[3] The motion for reconsideration only pertained to the judgment entered in the 1712 Action.

summary judgment has been granted. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

3.      Frisby's remaining claim—his sound recording copyright infringement claim in the 1712 Action—fails because there is no genuine issue of material fact that Defendants-Appellees' song does not capture actual sounds contained in *Shawty*. *See* 17 U.S.C. § 114(b) (stating that a sound recording copyright "is limited to the right to duplicate the sound recording in the form of phonorecords or copies that directly or indirectly recapture the actual sounds fixed in the recording"); *VMG Salsoul, LLC v. Ciccone*, 824 F.3d 871, 883 (9th Cir. 2016) ("[I]nfringement takes place whenever all or any substantial portion of the actual sounds that go to make up a copyrighted sound recording are reproduced . . . ." (emphasis omitted) (citation omitted)).

In fact, as Frisby acknowledges in his reply brief, "If this appeal were limited to Frisby's claim of copyright infringement of the sound recording as alleged in 1712, his evidence of access and substantial similarity would be irrelevant and his appeal would be ruined."

**AFFIRMED IN PART, DISMISSED IN PART**.